CHIEF JUSTICE WILLIAMS
delivered the opinion oe the court:
The store account of appellant, though for necessaries for the family, was charged alone to appellee’s husband, and the only witness who testified being appellant’s clerk, does not state that credit was given to Mrs. Lewis.
When, by a subsequent arrangement, her husband gave his note to Sinnett, and she signed it with him and Anderson, and appellant also signed it, she must be regarded as a security, and not as a principal.
Whilst under our statute a married woman, having estate, may bind herself for necessaries, it is essential that the credit originally should be given to her, and not *139 alone to the husband; for if to him alone, she will not then be an original debtor, but a mere security.
The court properly refused to subject her property to the payment of the debt after McMahon had taken it up from Sinnett.
Judgment affirmed.