JUDGE PETBKS
delivered the opinion of the court.
This suit in equity was brought by appellee, assignee of Gorin, Bryan & Co., on a note executed by appellant and her husband, the late A. J. Gatewood, on the 23d of April, 1861, which expresses on its face that it was executed for merchandise, necessaries for “ myself and family,” to subject the real estate of appellant to the payment thereof; and judgment having been rendered against her, she has appealed to this court.
It is alleged in the petition that at the date of the note appellant was the Avife of A. J. Gatewood, who has since died insolvent; that they had a family of children; that she had the legal title to and separate estate in a tract of about three hundred and forty-six and one half acres of land in' Barren County, conveyed to her by Jas. B. Johnson and wife, the deed for which is exhibited with the petition; and it is also alleged that the note Avas executed for various articles of merchandise, necessaries, sold and delivered to her for herself and family at the time, and before the execution of the note, and that by the execution thereof she intended to charge her said estate for the price of said goods.
In her answer appellant admits that she signed said note, but denies that it was for necessaries sold to her for herself and family; alleges that the note Avas not read to her, and that she did not read it at the time of signing it; that she had signed several notes to appellee’s assignors as surety of her husband, and she supposed and believed she was signing the one now sued on in the same character as surety for him; admits his *511 death, and that he left no estate to satisfy the debt; denies that she contracted for the goods, or that they were sold to her or on her credit; calls on appellee’s assignors to file the account of the goods sold, and avers that their books show that they were sold and the credit therefor was given to her husband. She also pleads payment by her husband, and relies on her coverture at the date.of the note.
If the estate of appellant in the land described was her separate estate, then, under section 17, article 4, chapter 47, page 28, 2 Revised Statutes, she could not alienate it with or without the consent of any husband she might have, except if it were a gift she might do so with the consent of the donor; and if it were not a gift, then it could only be sold or incumbered for reinvestment, and consequently, if separate estate, the land could not be subject to the payment of this debt.
But the deed under which appellant claims the land did not create in her a separate estate; it only created a general estate for life; and the question presented is, can appellee subject that estate to the payment of his debt? By subsection 1 of section 1, article 2, chapter 47, Revised Statutes, page 8, it is provided that the real estate of the wife shall be liable for her debts contracted or incurred before marriage, “ and for such contracted after marriage, on account of necessaries for herself or any member of her family, her husband included, as shall be evidenced by writing signed by her and her husband.”
It is apparent from the language of this section that the contract for the necessaries for which the wife’s estate is to be charged must be made by her, and the credit given to her. The note reads as follows: “ One day after date we, or either of us, promise to pay Gorin, Bryan & Co. two hundred and twenty-six dollars for necessaries furnished for myself and family, value received,” dated and signed by appellant and her husband. The words for myself and family in the note do not necessarily refer to appellant exclusively, but may and perhaps *512 would naturally and more appropriately refer to the husband. He was the head of the family; it was his duty by law to provide his wife and family with the things necessary for their support; and therefore the pronoun “ myself” would naturally and properly refer to the husband. But waiving that criticism, the note does not recite that the necessaries which constituted the consideration for which it was given were contracted for by the wife, and that fact she is not estopped by the note to controvert; that is one of the conditions upon which her estate is to be made liable, and hence appellee alleged -in his petition that the goods constituting necessaries were sold and delivered to appellant. That allegation is traversed by the answer, and appellee failed to prove it.
The account filed, in response to the demand that it should be filed by appellant, shows that the goods for which the note was given were sold to, or at all events charged to, the husband of appellant, and the credit therefor given to him. The mere acknowledgment in the note that it was given for necessaries is not sufficient to charge the estate of the wife; but in order to make her estate liable the evidencé must show that the contract for them was made by the wife, and the credit therefor given to her.
Wherefore the judgment is reversed, and the cause remanded with directions to dismiss the petition so far as it seeks to subject appellant’s estate to the payment of said debt, and for further proceedings consistent herewith.