R. B. Nunn and Wife *v.* Mary O'Brien.

**Bills and Notes—Estoppel—Statement of Articles for Which Note Was Given.**

   Where a note contains a statement of the articles sold, and for which the note was given, to the extent that the statement is contradictory to the petition, the statement must control.

**Bills and Notes—Pleading—Variance.**

   Where the allegations of a petition on a note were inconsistent with the statement which was made a part of the note, it was held that a demurrer was properly sustained to the petition.

APPEAL FROM DAVIESS CIRCUIT COURT.

October 9, 1873.

Opinion by Judge Lindsay:

It is sought by the amended petition to charge the estate of Mrs. O'Brien upon the ground that the note was given for necessaries for herself and family sold to her and delivered upon her credit.

The note includes a statement of the articles sold, in the form of the account between Cheaten, the assignor, and his debtor. This statement is not only an exhibit, but as it is attached to and explains the note, it is essentially part and parcel of the foundation of the action.

It was not only proper to consider it upon demurrer but to the extent that it is inconsistent with or contradictory of the statements in the amended petition it controlled.

The account shows that the articles were charged to John O'Brien, the husband, and not to the appellee. The note, although a joint and several obligation, is signed first by the husband. In the case of *Gatewood v. Bryan*, 7 Bush 509, where the note was signed first by the wife, and showed on its face that it was given for necessaries for "Myself and family," the fact that the account, when produced on the trial, manifested that the goods, when sold, were charged to the husband, was held sufficient to rebut this admission and to establish that the credit was extended to the husband. Here the paper sued on showed that the goods, when sold, were charged to the husband, and that when the wife's name first became connected with the transaction, by the execution of the note, twelve months' credit without interest was given.

Considering the statements of the amended petition in connection with the note and account, the court would not have rendered judgment if it had been confessed, because of the fact that the exhibits sufficiently controverted the truth of the averments by which appellee was sought to be charged. It follows, therefore, that if the demurrer had been overruled, Mrs. O'Brien might have safely gone to trial without answering. This, of itself, demonstrates conclusively that the court below did not err in sustaining the demurrer. This conclusion renders it unnecessary to consider the remaining questions presented by the argument of counsel. As appellants fail to amend further, his petition was properly dismissed. Judgment is *affirmed*.

*Sweeney & Stout, for appellant.*

*Thos. B. Botts, for appellee.*