## MARY G. RUSSELL *v.* CICERO REYNOLDS.

**Husband and Wife—Purchase by Wife—Consideration—Burden of Proof.**
In an action on a note purchased by a married woman, the burden is on plaintiff to show what the consideration for the note was, that it was a necessity for the defendant's family, and that it was sold by him.

APPEAL FROM LINCOLN CIRCUIT COURT.

January 8, 1874.

OPINION BY JUDGE LINDSAY:

If the horse sold by appellee to W. H. Russell, the husband of appellant, was the consideration for the note sued on, her general estate cannot be held bound for its payment, as it is neither alleged nor proved that the horse was sold at her instance, nor that the credit was extended to her. A wife's general estate can only be subjected to the payment of her debts contracted before marriage, and for such contracted after marriage, on account of necessaries for herself or any member of her family, her husband included, as shall be evidenced by writing signed by her and her husband. Subsec. 1, Sec. 1, Art. 2, Chap. 47, Rev. Stat. *Gatewood v. Bryan,* 7 Bush 509. It is not shown that she participated in the transaction further than to sign the note; and the legal presumption arising from the language and phraseology of the note, is that the husband was the principal obligor and the wife a mere surety. Appellee seems to have been in some doubt as to what was the real consideration of the note; and after proving the sale of the horse at a period some months anterior to its execution, he introduces another witness who shows that it was executed in consideration of the surrender or cancelment of a bond for title to twenty-five acres of land held by appellee. It cannot be assumed from anything in this record that the title bond was a necessary for Mrs. Russell or any member of her family. The onus was upon the appellee to show what the consideration for the note was, that it was a necessary for Mrs. Russell's family, and that it was sold to her. In each of these essential particulars he has failed. The judgment of sale is reversed and cause remanded with instructions to set aside the sale, and to dismiss appellee's petition so far as relief against Mrs. Russell's estate is sought.

*Dunlap,* for appellant.

*Hill & Alcorn,* for appellee.