M. CHILES, ET AL., *v.* D. H. READY'S ADM'R, ET AL.

**Husband and Wife—Creditors.**

Where the wife holds a general estate in lands and debts were contracted after her marriage on account of necessaries for herself and family, her husband included, where the contracts for necessaries were not signed by her or made by her, and the credit was not given to her, but to her husband, her general estate is not liable for such debts.

APPEAL FROM GARRARD CIRCUIT COURT.

March 28, 1876.

OPINION BY JUDGE PETERS:

The deeds under which Mrs. D. H. Ready held the land created in her a general estate; and although the debts due to appellants were

contracted after her marriage on account of necessaries for herself and family, her husband included, it is not alleged (and even if it had been so alleged the evidences of the debts claimed show that she did not sign them, either with or without her husband, nor does it satisfactorily appear) that the contracts or either of them were made by, or that the credit was given to her; consequently her general estate could not be liable for said debts. Subsec. 1, Sec. 1, Art. 2, Chap. 47, Revised Statutes; *Gatewood v. Bryan,* 7 Bush 509; *McMahon v. Lewis,* 4 Bush 138.

It appears in the record that Chiles had recovered judgment on his debt against J. M. Ready and issued an execution thereon against his estate on September 8, 1871, and on the 13th of that month it was levied by the sheriff on seven heads of horses, two mule colts, and the life estate of said Ready in 56½ acres of land in Garrard county; but the personal property having been taken out of his possession by claimants' bonds, as he states in his return, he then levied on the life estate of the defendant with execution on 59 acres of land. After this, the execution was ordered by the plaintiff to be released for the reason stated in the order, or that the matters involved were embraced in the proceedings of *D. M. Ready's Adm'r v. D. M. Ready's Heirs and Creditors.*

It does not appear that any effort was made to test the rights of those claiming the personal property on which Chiles's execution was levied; and no reason is shown why J. M. Ready's life estate in the land was not sold by virtue of the levy. The injunction granted did not in express terms prohibit the sale of any property belonging to John M. Ready in his own right. Chiles might from all that appears have sold the life estate of J. M. Ready in the land under this fi. fa. and made his debt; but he had the execution returned as before stated.

The suits of *Sellers, G'd'n, v. John M. Ready,* and *D. H. Ready's Adm'r v. D. H. Ready's Creditors,* having been consolidated on January 17, 1872, W. O. Bradley on that date filed his petition to be made a defendant, and states that on November 21, 1871, John M. Ready being entitled as tenant by the curtesy to a life estate in the several tracts of land owned by his late wife, the said D. H. Ready, for a valuable consideration, conveyed said life estate to him, and files his deed therefore as an exhibit. He was made defendant, asserted his claim to said life estate, and consented to a sale of the whole of the lands and to take the value of the life estate in money. The case was prepared for trial on that breach by Bradley.

The master reported that John M. Ready's life estate in the land was worth $2,988.81. On August 1, 1873, that report was by consent confirmed, and said amount was adjudged to Bradley; but he admitted in open court that he had sold said interest to the guardian, Sellers, for the benefit of the infant children of Mrs. D. H. Ready, and the amount was thereupon ordered to be paid over, held by the guardian for their benefit to the consolidated suits in which these proceedings were had, and said judgment was rendered. Chiles was a party. He asserted no claim to have J. M. Ready's life estate sold to pay his debt, and never controverted the right of Bradley or the children of Mrs. Ready to it; and being a party he is concluded by the judgment.

No excuse is shown in the amended answer tendered and rejected by the court, why the claim to subject John M. Ready's life estate in the land to the payment of Chiles's debt was not asserted before said judgment of August 1, 1873, was rendered.

The judgment must be *affirmed.*

*G. W. Dunlap, for appellants.*

*R. M. & W. O. Bradley, for appellees.*