CASE 56—PETITION EQUITY—MAY 27.

# Kentucky Building and Loan Association v. Kister.

### APPEAL FROM WARREN CIRCUIT COURT.

1. MECHANIC'S LIEN—PURCHASER WITHOUT NOTICE.—A mortgagee is a purchaser within the meaning of section 14, chap. 70, of the General Statutes, which provides the manner in which a me- chanic or material-man may acquire a lien upon the proceeds of the sale of the property upon which he had done labor, or for which he had furnished material; but that section does not relate to a purchaser whose purchase antedated the time the material was furnished for which the lien is asserted, but con- templates that the purchase is after the labor has been perform- ed or the material furnished, and has no reference to the pro- ceeds of a mortgage which had been executed before the con- tract was made, the labor employed, or the material furnished.

2. STATUTORY LIEN.—A mechanic or material-man to assert a lien upon a fund arising from such sale under the provisions of that section, must show that he is entitled to it under the statute, and does not acquire any lien under the common law or under any rule of equity.

W. E. GARTH AND ZACK PHELPS FOR APPELLANT.

1. The lien given by section 14, chap. 70, of the General Statutes, to a mechanic or a material-man, is not intended to invalidate any previously existing lien created by the act of the parties; and the lien of the mechanic or material-man must have at- tached to the property before the date of the purchase, to authorize him to create a lien upon the unpaid purchase money under the provisions of that section. Garry v. Cushing, 5 Bush, 307; Foushee v. Grigsby, 12 Bush, 75; Nunes v. Wellsch, &c., 12 Bush, 363; Jones v. Jeffries, 11 Bush, 636.

WRIGHT & McELROY FOR APPELLEE.

1. Taking the evidence and testimony altogether it seems reason- able that the appellant furnished the lumber wholly and solely upon the faith of appellant's promise to pay his debt; and it is

(21)

not a case where the appellant is sought to be held liable because of his promise to pay the debt of another, but to be held liable for lumber which benefitted it as much or more than any one else.

2. But appellant was certainly liable for whatever amount was in his hands at the time appellees served notice, under the provisions of sec. 14, chap. 70, Gen. Stat. Garry v. Cushing, 5 Bush, 30; Foushee v. Grigsby, 12 Bush, 75.

JUDGE PAYNTER DELIVERED THE OPINION OF THE COURT.

On the 27th of September, 1892, P. J. & J. M. Johnson executed and delivered to the Kentucky Building and Loan Association a mortgage on certain property in Bowling Green to secure a note for $650. The Johnsons desired to build a house, and by this means sought to obtain money from the association, from which, in part, they were to erect a house on the property embraced in the mortgage. While their note was executed and delivered for the whole amount, yet the money was to be paid in installments as the work progressed on the house, with the view of giving the association sufficient surety for the money loaned. Dr. Blakley had a mortgage on one of the lots, and $260 of the money borrowed was applied to the payment of his debt. One hundred and thirty-seven dollars of it went to the man who built the foundation for the house; $50 to Kister on his lumber account. In fact all of it except a few dollars was used by the Johnsons for the purpose of paying cost of the erection of the house. Kister was a lumber man, who, under a contract with the Johnsons, furnished them lumber which was used in the construction of the house. He began to deliver lumber on the 24th of October following the execution and recording of the mortgage. On the 16th of December, 1892, he gave notice that he had filed his lien for the balance

due him for the lumber which he had furnished.  At that date there was still in the hands of the association $130 due the Johnsons.  This money, like the balance of it, was used for the purpose of paying in part the expense of building the house on the orders of the Johnsons.  It does not satisfactorily appear that orders upon which this last $130 was paid had been accepted before Kister gave the notice.  The question in this case is whether section 14 of chapter 70 of the General Statutes made the association liable to Kister for the amount which was in its hands at the time the notice of his lien was given.  Section 14 reads as follows:  "The liens declared in this chapter shall not be effectual against a *bona fide* purchaser (a) for a valuable consideration without notice, actual or constructive; but if such purchaser receives notice of the lien before the payment of the whole of the purchase money, the lien shall operate on the purchase money remaining unpaid.  The pendency of a suit to enforce the lien, or the filing of the account or statement in the clerk's office of the county court, as required by the sixth section of this chapter, shall be deemed constructive notice."  It is no longer an open question that a mortgagee is a purchaser according to the meaning of this section (Garry, &c. v. Cushing, &c., 5 Bush, 304; Foushee v. Grigsby, 12 Bush, 75).

In our opinion this section does not relate to one whose purchase antedated the time the material was furnished for which a lien is asserted.  The language of it contemplates that the purchase is after the labor has been performed or the material furnished, for which the laborer, mechanic, or material man is entitled to a lien.  It does not refer to the purchase before the contract was made for the labor or

material, or before it is furnished.  If one has parted with
title to his property by sale, then he has no right to make a
contract with the laborer or material men to erect a building
upon it.   It can not be supposed the legislature had in view a
case where a party made a contract to have a building erected
upon the property of another.   This section relates to the
case, as we have said, where a contract has been made for
the erection of an improvement by one on his own property,
and who, during the progress of the improvement, where a
lien has attached for labor performed or material furnished
in the erection of the improvement, while in this condition
sells it or mortgages it to one who buys the property or
accepts the mortgage in good faith.   Where such facts as
these exist the statute seeks to protect the purchaser, the
laborer, and the material men.   It sustains the sale whether
it be by mortgage or deed; and, at the same time, if the
grantee or purchaser has anything in his hands which he
agreed to pay, then the laborers or material men are entitled
to give notice, actual or constructive, and thus acquire a
lien upon the money remaining in his hands for the amount
that may be due such laborer or material men, not, of course,
to exceed the amount which remains in the hands of the
purchaser.

This section of the statute certainly has no reference
to a mortgage which had been executed before the
contract had been made or the labor employed or material
furnished in the erection of the improvement.   It was not
necessary to have legislation to protect the mortgagee, whose
mortgage was executed before the erection of the improve-
ment.   This makes certain the correctness of our conclusion

that the section of the statute in question was not intended to meet a state of case like this. The material man who asserts a lien upon the fund must show that he is entitled to it under the statute. He does not acquire a lien under the common law or by any rule in equity, but by the statute. The statute has designated how an indebtedness of a purchaser must arise upon which laborers or material men are entitled to assert a lien; so when the statute declares that he is entitled to a lien upon the indebtedness in the hands of a purchaser, whose purchase took place at the stated time, he is not entitled to assert it on a fund which was created at another time, and under different circumstances. The court erred in giving Kister judgment against the association for $130. Of course this opinion is based on the law in force before the adoption of the Kentucky Statutes.

The judgment is reversed, with directions for further proceedings to conform to this opinion.