CASE 61.—MECHANIC'S LIEN PROCEEDINGS BY JOHN LUIGART AGAINST THE LEXINGTON TURF CLUB, &C.—November 18.

# Luigart v. Lexington Turf Club, &c.

Appeal from Fayette Circuit Court.

WATTS PARKER, Circuit Judge.

Judgment dismissing petition.   Plaintiff appeals.— Affirmed.

1.   Mechanics' Lien—Right to Lien—Written Consent of Owner.— A materialman was not entitled to a lien under Gen. Stats., 1888, c. 70, art. 1, section 1, giving a lien to materialmen upon real property improved if the material was furnished under contract with, or by the "written" consent of, the owner, where the work was done under a contract with a lessee with the owner's knowledge and verbal consent.
2.   Mechanics' Liens—Right to Lien—Agreement of Owner—Ownership of Land—Vendee Under Executory Contract.—Gen. Stats., 1888, c. 70, art. 1, section 1, provides that, where the owner of real estate claims by executory contract which for any cause shall be rescinded, a mechanic's lien which in the meantime has attached shall follow the property in the hands

of the person to whom it goes by reason of the rescission. The petition alleged that a lessee of a lot owned and held it under a contract to purchase from the owners, but elsewhere averred that it was owned by the lessor "and her children living at her death," and it did not appear that her children were parties to the contract of sale. Held, That it did not appear that the lessee was the owner of the lot under an executory contract, and hence a lien. for material furnished during the term of the lease would not follow the lot on the expiration of the lease.

3. Life Estates—Conveyances by Life Tenants—Interest Conveyed.—One owning only a life interest in land with remainder to her children could· not convey a valid title to the fee without the children uniting with· her in the conveyance, or conveying their. interest by separate instruments.

4. Vendor and Purchaser—Sale Distinguished from Lease—Option To Purchaser.—Where an agreement leasing land provided that, if the lessee at any time during the continuance of the lease should desire to purchase the leased premises, it could do so for a certain sum, the contract was a lease, and would vest no title in the lessee, in the absence of the exercise of the option by the lessee.

5. Husband and Wife—Disabilities of Wife—Wife's Separate Property — Conveyances — Requisites of Conveyances.— Gen. Stats., 1888, c. 52, art. 11, section 2, provides that real estate of a married woman shall be liable for such of her debts contracted after marriage for necessaries as shall be evidenced by writing signed by her. The lease of a lot by a married, woman who owned a life estate therein provided that any alterations or improvements thereon shall be performed by the lessee, and a petition seeking to establish a lien against the lot for improvements placed thereon aleged that plaintiff performed the work upon the leased premises under a contract with the lessee. Held, That the improvements were made on· the lot at the instance of the lessee, and the lessor's interest in the lot was not liable therefor under the statute; the debt as evidenced by the lease not being created for her account.

6. Husband and Wife—Disabilities of Wife—Separate Property—Liabilities—Liens.—No equitable liens exist against a married woman's property, and a lien can only be created in the manner provided by statute.

7. Appeal and Error—Review—Theory of Case Below—Questions not Raised.—Whether a materialman had a remedy for materials furnished under Gen. Stats., 1888, c. 70, art. 1, section 4,

permitting him to remove materials furnished a lessee from the premises, if the lease thereafter fail, and the lessor refuses to pay for them, will not be decided on appeal where he based his claim on other grounds below.

8. Mechanics' Liens—Right to Lien—Agreement—Capacity to Contract—Married Woman.—Under Local and Private Laws, 1871, p. 4, c. 1073, applicable to Fayette county alone, providing that, if a married woman owning land in the county thereafter contracts for materials for the improvement of a building thereon, the person furnishing the materials, etc., shall have a joint lien upon the land and the buildings thereon, one furnishing materials for the erection of a building on a lot owned by a married woman under a contract with her lessee, and not with her, was not entitled to a lien on the lot.

FALCONER & FALCONER for appellant.

C. J. BRONSTON of counsel.

We submit that the allegations of the petition and amended petition of appellant state facts constituting a good cause of action, and that the demurrer thereto was improperly sustained by the court.

AUTHORITIES.

Act of the Legislature of Kentucky, approved January 6, 1871, vol. 1, p. 4, Private Acts; Burkitt v. Harper et al., 79 N. Y. Rep. 273; Otis v. Dodd et al., 90 N. Y. Rep. 336; Nellis v. Bellinger, 6th Hun. 560; Husted v. Mathes, 77 N. Y. Rep. 388; Hackett v Vadeau, 63 N. Y. Rep. 476; Moore v. Jackson, 49 Cal. 109; Phillips on Mechanics' Liens, pp. 26, 28, 125, 127, 134, 135, 167, 168, 170, 179, 180, 183, 187, 340; Boyers v. Hendricks, 4 Ky. Law Rep. 725; Hall & Son v. Bullock's Trustee, 29 Ky. Law Rep. 1254.

MORTON, WEBB & WILSON for appellees.

We submit that the action of the lower court in dismissing appellant's petition was right and should be affirmed.

AUTHORITIES CITED.

1. Gen. Stats., ch. 70, art. 1 sections 1, 2, 4; Gen. Stats., ch. 52, Art. 11, section 2; McMahon v. Lewis, 4 Bush 138; Gatewood v. Bryan, 7 Bush 509; Webster v. Tattershall, 18 Ky. Law Rep. 439;

Roberts v. Riggs, &c., 84 Ky. 251; Pell v.Cole, 2 Met. 252; McClintock v. Criswell, 67 Pa. St. 183; Boteler v. Espen, 99 Pa. St. 313; Schaeffer-Meyer Brewing Co., &c., v. Meyer, &c., 19 Ky. Law Rep. 411.

2. Stembridge v. Stembridge's Admr., 87 Ky. 91; Bason v. Ky. Cent. Ry. Co., 95 Ky. 373; Ky. Bldg. & Loan Assn. v. Kister, 101 Ky. 321.

### AUTHORITIES DISTINGUISHED.

3. Act of January 6, 1871, affecting Fayette county, Session Acts, 1871, ch. 1073, p. 4 of "Local and Private Acts;" Burkitt v. Harper, &c., 79 N. Y. 273; Otis v. Dodd, &c., 90 N. Y. 336; Nellis v. Bellinger, 6 Hun. 560; Husted v. Mathes, 77 N. Y. 388; Hackett v. Vadeau, 63 N. Y. 476; Moore v. Jackson, 49 Cal. 109; Phillips on Mechanics Liens, passim; Boyer v. Hendricks, 4 Ky. Law Rep 735; Hall & Son v. Bullock's Trustee, 29 Ky. Law Rep. 1254.

OPINION OF THE COURT BY JUDGE SETTLE—Affirming.

On November 29, 1882, the master commissioner of the Fayette circuit court, acting under and pursuant to an order of that court, conveyed by deed to Mrs. Joanna E. Montague for life, with remainder to such of her children as might be living at her death, a lot of ground in the city of Lexington fronting on Main street 60 feet and extending back the same width to Short street. By a writing of date January 28, 1891, signed by Joanna E. Montague and Thomas J. Montague, her husband, this real estate was leased to the Lexington Turf Club, a corporation, for the term of five years from that date. The Lexington Turf Club at once took possession of the property, and in the year 1892 entered into a contract with John Luigart, a contractor and builder of the city of Lexington, whereby the latter undertook to furnish the necessary materials and erect for it upon the lot a building and other improvements, and this work Luigart did during the year 1892 at a total cost to his

employer of $4,200.   Of this amount, $2,548 was paid by the latter, leaving a balance due Luigart of $1,652, for which he filed in the office of the clerk of the Fayette county court, within 120 days of the furnishing of of the last material and completion of the work, a mechanic's and materialman's lien against the property in question, and on March 31, 1893, brought suit in the Fayette circuit court against the Lexington Turf Club, Joanna E. Montague, her husband and children, seeking a personal judgment against the Lexington Turf Club and the enforcement of his alleged mechanic's lien against the lot in question. Later two amendments were filed to the petition, and to the petition as thus amended a general demurrer was filed by the Montagues, which the lower court on March 16, 1908, sustained, and, no effort being made to further amend the petition, the action was dismissed. From the judgment sustaining the demurrer and dismissing the action, this appeal was taken. Thomas J. Montague, husband of Joanna E. Montague, died after the institution of the action, and, one of the daughters having married, that fact was brought to the attention of the court by the last amended petition, and her husband made a party to the action.   No explanation of the delay in disposing of the case appears in the record.

The question presented by the appeal for our consideration is: Did the petition, as amended, state a cause of action?   It alleged substantially the following facts: (1) That the materials and work for which appellant sought to enforce the mechanic's lien were furnished and done in erecting a building and otherwise improving the Montague lot under a contract made by him with the Lexington Turf Club.   (2) That the lot was the property of Joanna E. Montague and

her children living at her death, and had been con-
veyed them by "deed of November 29, 1882, recorded
in Book 67, page 59, Fayette county clerk's office."
(3) That the Lexington Turf Club was in possession
of the property under contract to purchase it from
Joanna E. Montague, Thomas J. Montague, and their
children, and that, with the knowledge and consent of
said owners, the said Lexington Turf Club was per-
mitted to erect said buildings upon said lot, which
said lot was delivered to said turf club for the pur-
pose of erecting said buildings upon same." (4) That
the Lexington Turf Club took possession of, owned,
and held the lot under a written contract made by it
with Joanna E. Montague and Thomas J. Montague,
which gave the turf club the right to make, at its own
cost and expense, such alterations and improvements
upon the premises leased as it might desire to make
during the continuance of the lease. (5) That the
alterations and improvements made upon the lot were
at the expiration of the lease to be and remain the
property of Joanna E. Montague, (6) That the turf
club under its contract with the Montagues had the
option to purchase the leased premises at any time
during the continuance of the lease upon paying there-
for $30,000, and that it did not exercise this option,
but, on the contrary, rescinded the lease contract and
restored to the owners the possession of the property.

At the time the material was furnished and work
done by appellant in improving the lot in question the
laws contained in what was known as the "General
Statutes" of Kentucky were in force, and, if he has or
can enforce a lien upon appellee's lot, it is under art.
1, c. 70, Gen. Stats., 1888, section 1 of which gave ?
lien to the mechanic or materialman upon the real
estate improved where the material was furnished or

work was done "by contract with or by the written consent of the owner," but the lien could only be secured "on any interest such owner has in the same." Section 2 of the article and chapter mentioned provides: "If the owner claims by executory contract, and if, for any cause, such contract shall be rescinded or set aside, the lien aforesaid shall follow the property into the hands of the person to whom the same may come, or with whom it may remain by reason of such rescission. * * *" Manifestly appellant did not secure a lien by virtue of these sections or either of them. It is not claimed in the petition that he furnished the materials, or did the work by contract with the appellees or by their written consent. On the contrary, the averment is that it was by contract with the Lexington Turf Club, and with the knowledge and consent of appellees. Verbal consent on their part, if given, was not sufficient. Written consent from them was necessary, and, as this was not charged, the language of the petition fails to show that appellant's alleged lien was acquired under section 1 of the statute, supra. It is also wide of the mark to say it was acquired under section 2, for it does not appear from the petition that the Lexington Turf Club claimed to be, or was in fact, the owner of the real estate by "executory contract." It is true the petition alleges that the turf club acquired, owned, and held the property "under a contract to purchase same from the owners," but elsewhere in the petition it is averred that it was the property of "Joanna E. Montague and her children living at her death," and in still another part of the petition it is explained that the Lexington Turf Club "took possession of, owned, and held" the property "under and by virtue of a certain written contract made and entered into by and between the

defendants Joanna Montague and Thomas Montague,'' If this contract could have made the Lexington Turf Club owner of the property by executory contract, it was only to the extent of the life estate of Mrs. Montague, as it is not averred that her children, the remaindermen, were parties to the contract made by her with the Lexington Turf Club, nor do their names appear in or to that contract. The mother and father could not pass a valid title to the property to a purchaser without the children's uniting with them in a writing for that purpose, or conveying by separate instruments. When we look to the contract between the appellee Joanna Montague, her husband, and the Lexington Turf Club, we find it to be a mere lease of the lot therein described for a term of five years. It is true it provides that the Lexington Turf Club might at any time during the existence of the lease purchase the property at the price of $30,000, but this privilege conferred by the contract upon the club was nothing more than an option of which it might or might not avail itself. The option was never exercised, and until exercised no title, not even an equitable one, to the lot, passed to or vested in the company. The language of the contract with respect to this option is: ''If the party of the second part, at any time during the continuance of this lease, shall desire to purchase the leased premises, it shall have the right to purchase same upon the payment of the sum of $30,000.00, cash in hand.'' Obviously the contract was, what its own language declares it to be, only a lease, and so remained as long as the Lexington Turf Club retained possession of the property, and the relation of landlord and tenant it created was never changed to that of vendor and purchaser, for the lessee never availed itself of the option to pur-

chase. We are aware that this court in the case of Bacon v. Kentucky Central Ry. Co., 95 Ky. 373, 16 Ky. Law Rep. 77, 25 S. W. 747, held that, where a substantial consideration for a contract conferring an option exists, it will be upheld, but this view of the question in no way changes the legal character of an "option." Until accepted and thereby made a part of the contract, it confers no interest, and creates no liability.

We are constrained to hold that on yet another ground the petition is clearly insufficient to charge appellees' real estate with the cost of the improvements erected thereon by appellant. It is apparent from the petition that the lien claimed by appellant, if any was created at all, would have to be confined to the interest of the appellee Joanna Montague in the property, yet the petition fails to allege either of the two things essential to fasten responsibility upon her or her property, viz., that the alleged debt for which the lien is sought to be enforced was contracted on account of necessaries," or that the debt was "evidenced by writing signed by her." The property rights of married women in this State at the time the lease to the Lexington Turf Club was made by appellee Joanna Montague and her husband, and when appellant's claim was created was governed by chapter 52, article 11, section 2, Gen. Stats., 1888, which provides: "Such real estate or rent (belonging to a feme covert) * * * shall be liable for her debts and responsibilities * * * contracted after marriage (1) on account of necessaries, for herself or any member of her family, her husband included, as (2) shall be evidenced by writing signed by her." It can not fairly be contended that the provision of the lease contract giving the Lexington Turf Club the privilege of making alterations and

improvements upon the leased premises was such a writing as would, under the statute, supra, bind Mrs. Montague or her estate; for the provision of the lease contract referred to contains the restriction that "the entire costs and expenses of such alterations and improvements to be borne and paid by the party of the second part." Here we have a writing which, instead of evidencing an intention on the part of the owner of the real estate to burden it or herself with the cost of such improvements as the lessee might make upon the property, expressly declared her intention not to do so. This provision, together with the averment of the petition that appellant undertook the erection of the improvements upon the leased premises under a contract with the Lexington Turf Club, conclusively shows that he gave credit to and expected to be paid by the turf club alone. Construing the statute, supra, in McMahon v. Lewis, 4 Bush 138, the court said: "Whilst, under our statute a married woman having an estate may bind herself for necessaries, it is essential that the credit should originally be given to her, and not alone to the husband; for, if to him alone, she will not then be an original debtor, but a mere security." Gatewood v. Bryan, 7 Bush 509; Roberts v. Riggs, 84 Ky. 251, 1 S. W. 431, 8 Ky. Law Rep. 247. The statutory method of acquiring such a lien as appellant seeks to enforce was not pursued by him, and, this being true, the court below was powerless to afford the relief prayed for, as said by this court in Webster v. Tattersalls, 36 S. W. 1126, 18 Ky. Law Rep. 439: "No equitable lien exists against the property of the married woman, and it can only be created in the manner pointed out by statute. The mechanic undertaking the risk must examine the title, and particularly in a case where it is a matter of record in

the county where the property improved is situated.'' Kentucky Building & Loan Company v. Kister, 101 Ky. 321, 19 Ky. Law Rep. 494, 41 S. W. 293. The petition, as amended, discloses appellant's knowledge of appellee's title at the time of his undertaking with the Lexington Turf Club to improve the leased prem- ises, for it avers that the deed conveying them the real estate was recorded as far back as the year 1882. According to the petition, appellant then also knew the nature of the lease contract under which the Lex- ington Turf Club held the property. In view of these facts, it would seem that he has little ground to claim that advantage was taken of him, at any rate we can not under the circumstances assume that he was ignorant of the situation; but, if he was, it was his own fault, as the means of information were at hand.

If appellant had a remedy against the real estate improved by him, it was that given by section 4, article 1, c. 70, Gen. Stats., 1888, which provides: ''If the labor be performed or the material furnished by con- tract with a lessee of real estate for a term of years, and if before the expiration of the term by lapse of time, the lessee's interest therein shall, from any cause, become forfeited to the lessor, or shall be sur- rendered to him; and if the lessor shall refuse to pay for the same, the person performing the work or fur- nishing the materials shall have the right to remove the same from the leased premises: Provided, it can be done without material injury to any previous im- provement on said leased premises.'' It is not neces- sary, however, for us to decide whether appellant could have availed himself of the remedy conferred by the above statute, as he has not invoked it and that question is not before us.

It is insisted for appellant that consent in writing

from appellee Joanna Montague and her husband to
the improving of the real estate by appellant was not
essential to his acquiring a mechanic's lien. This con-
tention is rested upon the following statute or special
law passed in 1871 (Local and Private Acts, 1871, p.
4, c. 1073), and made applicable to Fayette county
alone, viz.: ''That if a married woman owning land
or lots in the county of Fayette, shall hereafter con-
tract alone, or in conjunction with her husband, with
any mechanic or other person or persons, to erect any
building situated on any such land or lots of such
married woman, or to do any repairs upon such land
or lots, * * * or if such married woman shall here-
after contract alone, or in conjunction with her hus-
band, or with any person or persons, for lumber or
other materials or articles for the building, improve-
ment, or for the purpose of repairing any building or
making any improvement upon such lots of land, such
person or persons performing labor or furnishing
lumber or materials, under the contract as aforesaid,
shall have a joint lien upon the land or lots, and the
buildings and erections situated thereon to the extent
of the value of labor performed and materials and
other things furnished by the claimants respectively.''
It is doubtless true, as claimed by appellant, that this
act was in force when he contracted with the Lexing-
ton Turf Club to improve appellee's lot and when he
completed the work, but we fail to see that it entitled
him to the lien attempted to be asserted, for it does
not appear from the averments of the petition that the
material and work furnished and performed in im-
proving appellee's property were contracted for by
the appellee Joanna Montague either alone, or in con-
junction with her husband or other person, and this
we understand from the language of the act must have

been done, even to create a lien upon her interest in the property, which was merely a life estate. In other words, to acquire a materialman's or mechanic's lien under the special act upon the real estate of a feme covert, the materials furnished or work done to improve such real estate must have been furnished or performed pursuant to a contract with her. Moreover, the act did not provide that such contract with the feme covert could be made in any other manner than as prescribed by section 2, art. 11, c. 52, Gen. Stats., 1888, that is "evidenced by writing signed by her."

Being of opinion that the petition as amended fails to state a cause of action against the appellee Joanna Montague, and that the facts therein averred do not show appellant entitled to a lien upon the real estate sought to be subjected to the payment of his debt, it follows that the circuit court did not err in sustaining the demurrer.

Wherefore the judgment is affirmed.