# Staton Springs Park Company, et al. v. Keesee. et al.

(Decided December 17, 1926.)

## Appeal from Pike Circuit Court.

1. Damages—Allowance for Defective Building Construction Held Not Inadequate Under Evidence.—Evidence, in action to recover balance due under contract for construction of summer resort buildings, held not to show that allowance for defective construction, deducted from contractor's recovery, was not equal to difference in value of buildings as constructed and as contracted for.

2. Damages—Difference in Value Betweeen Buildings as Erected and as Contracted for is Ordinarily Measure of Damages for Defective Work.—In actions on contract for construction of buildings, measure of damages for defective or inferior work ordinarily is difference in value of buildings as constructed and as contracted for.

3. Appeal and Error—If, on Appeal, Decision of Chancellor Cannot be Said to be Erroneous with Reasonable Certainty, it Will be Affirmed.—If, upon whole case, mind be left in such doubt that it cannot be said, with reasonable certainty, that chancellor's decision was erroneous, decision will be affirmed.

4. Mechanics' Liens—Mechanic's Lien Extends Only to Interest in Land of Person with Whom Lienor Contracted (Ky. Stats., Section 2463).—Under Ky. Stats., section 2463, governing mechanics' liens, person performing labor or furnishing materials in erection, alteration, or repair of house or other structure acquires lien only upon such interest as one with whom he has contracted owns in land.

5. Mortgages—Mechanics' Liens are Superior Only to Incumbrances Created Subsequent to Beginning of Furnishing of Labor or Material (Ky. Stats., Section 2463).—Mechanics' liens, as governed by Ky. Stats., section 2463, are superior only to mortgages or incumbrances created subsequent to beginning of labor or furnishing of material.

6. Mechanics' Liens—Judgment Ordering Sale of Land to Satisfy Mechanic's Lien Against Lessee of Summer Resort Property Held Erroneous; there Being Superior Claims in Existence.—In action involving claim for furnishing of labor and material to lessee for construction of summer resort, judgment directing sale of land involved to satisfy lien held erroneous; there being lien superior to that of plaintiffs in existence and mineral estate owned by defendant which could not be sold.

STATON & KEESSEE for appellants.

J. C. CANTRELL for appellees.

Opinion of the Court by Commissioner Sandidge—
Affirming in part and reversing in part.

Appellant, Staton Springs Park Company, is a Kentucky corporation with its chief office and place of business in Pikeville, Kentucky.  In the spring of 1924 it held a lease on a certain tract of land situated on' Road fork of Pond creek in Pike county, Kentucky, on which there were several sulphur springs.  The corporation was organized and the lease on the land was taken in the belief that the property could be improved and profitably operated as a summer resort.  Appellant corporation entered into a contract with appellee, L. L. Keesee, and J. M. Stanley, by which the latter were to construct for it on the property in question a swimming pool, certain bath houses and lockers, a dance pavilion, a dining hall, a kitchen and certain other buildings; and were to construct concrete walls around the springs and wooden structures over them; and were to beautify the grounds by removing the underbrush, constructing certain roadways and paths leading to the various springs.  Proceeding under the contract appellees constructed the swimming pool and the various buildings contemplated and did the other work required.   They took necessary steps seasonably to assert mechanics' and material men's liens under the provisions of section 2463, Kentucky Statutes, and the sections immediately following.  Not having' been paid for the work they did they instituted this action to recover $4,712.06, the alleged balance due, and to subject the tract of land to its payment under their lien.  The contract between the parties was not reduced to writing, and by the answer filed by appellant corporation the terms of the contract with reference to the character and dimensions of the swimming pool and the various buildings which appellees agreed to construct for them were put in issue, and it was denied that any of them had been constructed of the size and according to the specifications of the contract.  The answer further pleaded that a great many things which appellees agreed to do were not done at all, and that the structures it had built were so poorly built and of such inferior material that all of them were worthless.  By way of counterclaim it sought to recover $2,350.00 from appellees as damages for their breach of the contract.  Issue was joined by reply, proof was taken, and, upon the trial below, the chancellor adjudged that if appellees had performed the contract and had con-

structed the various buildings and structures according to the plans and specifications agreed upon they would have been entitled to recover $7,663.71; that $2,921.05 had been paid to them during the progress of the work; that for their failure to perform the contract and construct the buildings and other structures according to specifications $1,312.65 should be deducted, leaving a balance of $3,400.00 due for material furnished and labor performed, and entered judgment for that sum in their favor against appellant corporation. It was further adjudged that they have a lien on the tract of land which was described in the judgment and that it be sold in satisfaction of the same. The counterclaim of appellant corporation was dismissed except to the extent indicated, and the lien adjudged to appellees was adjudged to be superior to that of the other defendants, who are appellants here, who had filed answers asserting their superior claims against the land in question. The appeal is prosecuted from that judgment.

For appellant corporation it is insisted that the judgment is erroneous and that the petition should have been dismissed, and that a judgment in its favor for the full amount sought by it on its counterclaim should have been entered herein. A case in which greater conflict between the pleadings and evidence for the parties would be difficult to imagine. They do not agree in any particular as to the terms of the contract with reference to the size or dimensions, material or workmanship which it contemplated for any of the buildings or structures. Appellees, the contractors, by their evidence supported their version of the contract as they pleaded it in their petition, and according to their testimony the various structures and buildings which they agreed to erect for appellant corporation were constructed exactly in accordance with the contract as to their dimensions, material and workmanship, except that in certain particulars some of the buildings and structures, at the instance and with the agreement of appellant corporation, were changed after the contract was made. The evidence for appellant corporation tends to establish an altogether different contract from that claimed by appellees as to the dimensions of the various structures, and that none of them were built of the material specified, and that as constructed all of them are practically worthless. It appears, however, that throughout the time appellees were engaged in the work which they undertook under the contract appel-

lant corporation had a representative in the person of its president on the ground for the purpose of seeing that the contract was complied with, and it seems improbable that if appellees were proceeding with the work wholly at variance with the terms of the contract as to the size and dimensions of the various buildings being constructed and the material and workmanship being used that some complaint or question would not have been made at the time. A great deal of the evidence for appellant corporation was devoted to the particulars in which the swimming pool constructed failed to comply with the contract and specifications therefor. From the evidence it seems reasonable to attribute most of the defects in the concrete work on the swimming pool to the poor quality of the sand and gravel used in making it, which came from a nearby creek and which, according to the evidence, the parties agreed should be used. The corporation received the buildings and structures erected by appellees and put them to the use contemplated. We have carefully read and considered the evidence herein for the contending parties and are not prepared to say that the chancellor erred in concluding that $1,312.65 is sufficient to cover the difference in value of the buildings and structures as constructed and as contracted for, that ordinarily being the criterion of damages. See Young v. Cumberland County Educational Society, 183 Ky. 626; Hartford Mill Company v. Hartford Tobacco Warehouse Company, 121 S. W. 447; Culbertson v. Ashland Cement Company, 144 Ky. 614, 139 S. W. 792; Panke v. Fischer, 48 S. W. 993; Short v. Moore, 43 S. W. 211. That sum would seem to be ample to remedy all the defects properly attributable to appellees' failure to comply with the contract. The rule is that if upon the whole case the mind be left in such doubt that it can not be said with reasonable certainty that the chancellor has erred his judgment will be affirmed. This case upon the question under consideration seems clearly to fall within that rule, and the judgment in favor of appellees against appellant corporation for $3,400.00 will not be disturbed.

It appears that appellant corporation owns no interest in the tract of land described in the petition and judgment herein other than that which it acquired under a lease filed in evidence herein. On the 5th day of September, 1922, appellant, Willard Staton, executed and delivered to Willis Staton a title bond for the land de-

scribed in the petition and judgment by which he sold it to the latter for $1,500.00, $300.00 of which was paid in cash and the remainder of which was agreed to be paid in 12 and 18 months, binding himself to convey it by deed of general warranty upon the full payment of the purchase price.    The title bond excepted all the minerals in and under the land.  On the 10th day of March, 1923, Willis Staton leased the tract of land which he had so acquired to Perry Staton, trustee, for a term of seven years from that date for a monthly rental of $300.00, to be paid on the first day of each month in advance, with the express provision that if any monthly rental should not be paid within twenty days after due the lease thereupon automatically terminated, with right in the lessor to enter into immediate possession.    The trustee named on the first day of April, 1923, assigned that lease to appellant corporation, and by the terms of the assignment it was expressly stipulated that the lease itself by oversight had not provided that the minerals in and under the tract of land described had previously been sold, but that by the assignment it was expressly understood that such was the case, and that by the lease and the assignment appellant corporation acquired no interest in the minerals in and under the land described. Appellant corporation owns no interest in the tract of land described in the petition and judgment herein except that which it acquired under the lease and assignment in question. Previous to the conveyance by Willard Staton to Willis Staton by the title bond above the minerals in and under the land in question had been sold and appellant, Will M. Smith, owned them.    He filed an answer herein and set up his ownership thereof.    Willard Staton filed an answer herein and set up his purchase money lien on the land described in the petition.

Under the provisions of section 2463, Kentucky Statutes, a person who performs labor or furnishes materials in the erection, altering or repairing a house or other structure acquires a lien only upon such interest as the one with whom he has contracted owned in the land. Such liens are superior only to mortgages or encumbrances created subsequent to the beginning of the labor or furnishing of the materials.    It follows then that the judgment herein, which directed the sale of the tract of land in satisfaction of the judgment in favor of appellees, was erroneous.    The balance of the purchase money due Willard Staton is a superior lien to that of appellees.

The mineral estate owned by appellant, Will M. Smith, can not be sold in satisfaction of appellees' judgment. No other interest in the tract of land ordered sold by the judgment herein may be subjected to the payment of the judgment rendered in favor of appellees against appellant corporation except the interest acquired in it under the terms of the lease above mentioned.

The judgment to the extent indicated is erroneous and for the reasons indicated will be reversed, with direction that a judgment in conformity herewith be entered.

Affirmed in part and reversed in part.