## Cincinnati Stucco Company v. North Kentucky Fair, Incorporated.

(Decided February 22, 1927.)

### Appeal from Boone Circuit Court.

1. Mechanics' Liens—Builder, Constructing Improvement for Lessee which was Not Consented to in Writing by Owner, Held Not Entitled to Lien on Property (Ky. Stats., Section 2463).—Under Ky. Stats., section 2463, builder, constructing improvement by contract with lessee, having right to make changes at own expense

with consent of lessor, was not entitled to lien on property, where owner had not consented in writing to improvement.

2.   Mechanics' Liens—Builder, Contracting with Lessee to Construct Improvement Not Consented to in Writing by Lessor, has Lien Only on Estate of Lessee (Ky. Stats., Section 2463).—Under Ky. Stats., section 2463, builder, contracting with lessee to construct improvement not consented to in writing by lessor, has lien only on estate of lessee.

S. D. ROUSE for appellant.

JOHN L. VEST and BEN H. RILEY for appellee.

OPINION OF THE COURT BY COMMISSIONER HOBSON—Affirming.

The North Kentucky Fair on July 6, 1925, in writing leased to John J. Ryan its dancing pavilion, amphitheatre and refreshment stands, located on the fair ground at Florence, Kentucky, also such parking space as was necessary to take care of automobiles, for one year, except the one week of the fair. Ryan agreed to pay $1,000.00 for the rent of the property. The lease also contains these provisions:

"All additions or repairs to amphitheatre and to the lighting system on said premises and all current used are to be paid for by the said Ryan.

"It is agreed that said Ryan may make changes or improvements on the premises herein leased only with the consent of the said fair, and if any changes or improvements are made, they are to be at his expense."

Ryan, during the term of the lease, made a contract with the Cincinnati Stucco Company under which it made certain improvements on the property, costing $1,705.00. Ryan failed to pay and the Stucco Company brought this action against the fair asserting a mechanic's lien on the land. The circuit court sustained a demurrer to the petition. The Stucco Company appeals.

By section 2463, Kentucky Statutes, the builder of an improvement on real estate is given a lien thereon when the improvement is made "by contract with or by the written consent of the owner." The fair company was a stranger to the contract between Ryan and the stucco company. It did not consent in writing to the improvement. It was provided in the lease that Ryan

might make changes or improvements on the premises at his expense with the consent of the fair. But to charge the property of the fair under the statute it must consent in writing to the improvement. In Luigart v. Lexington Turf Club, 130 Ky. 473, the owner of the property had leased it to the Turf Club. The Turf Club made certain improvements and the builder asserted a lien on the property. It was there held that as the improvement was not made by contract with the owner or his written consent, there was no lien on the property of the lessor. This case cannot be distinguished from that. The builder has a lien only on the estate of the lessee under the statute. Staton Springs Park Co. v. Keesee, 217 Ky. 329. These opinions are in accord with the authorities in other states under similar statutes, requiring the written consent of the owner. 40 C. J., pp. 103, 117. The cases relied on by appellant were decided under statutes reading differently from our statute. See note 4 A. L. R. 694.

Judgment affirmed.