## German et al. v. Frey Planing Mill Co.

(Decided Nov. 15, 1934.)

JAMES P. GREGORY for appellants.

W. A. HUBBARD and GARNER PETRIE for appellee.

OPINION OF THE COURT BY DRURY, COMMISSIONER—
Reversing.

This appeal is prosecuted from a judgment subjecting the interests of remaindermen to a mechanic's and a materialman's lien for improvements put upon the property by a life tenant and adjudging the mortgage lien of Mrs. German inferior to the other liens.

In 1894 Thomas B. Malott died leaving a will of which we copy here so much as concerns us, italicizing certain portions thereof for the purpose of emphasis:

"Item 1. It is my will and I hereby direct, that after my death my executrix hereinafter named, shall as soon as convenient after my death pay all my just debts, funeral expenses, cost of administration and settlement.

"Item 2. I do hereby will and devise to my wife, Luella Malott for and during her natural life, or widowhood, all the rest of my property real personal cash and mixed and wherever situated and found at the time of my death, to have and to hold to her, the said Luella Malott, for and during the term of her natural life or until she remarries and ceases to be my widow, and at the happening of one or either of such events, then all her right, title and interest in my estate shall cease and determine.

"Item 3. It is my will and I hereby direct that should my said wife Luella Malott die or remarry and cease to be and remain my widow then and in that, or either event, and whichever shall first happen then the whole of my estate or so much as shall remain undisposed of by my said wife during her life or widowhood, shall descend to and be absolutely vested in my children and descendants or any who may be dead by stocks, shall be made equal in the distribution of my real personal cash and mixed estate.

"Item 4. I desire that my executrix the said Luella Malott shall sell and dispose of any of my personal property that she may wish to sell either at private or public sale, without any appraisement or inventory, and to treat and make the same

as a part of my general personal estate. And if I shall have any city real estate at my death I desire my executrix, the said Luella Malott to sell and convey the same to be treated and made the same as a part of my general personal estate.

"Item 5. But none of my farms shall be sold, *encumbered* or disposed of by my said wife during her life or widowhood she to use it *to the best advantage she can* for the benefit of my estate and for the comfort and support of herself and my minor children. There shall be no timber sold off the farm unless it is timber that is actually going to waste and not wanted for repairing on the farm. I desire that my wife, the said Luella Malott, keep the farm up and the buildings and fences *in repair the best she can*, keeping the taxes paid up.

"Item 6. I hereby direct my executrix to collect any and all life insurance that I may be carrying at the time of my death and to treat and make it the same as a part of my general personal estate. It is my desire that my wife, the said Luella Malott use all my property, real personal cash and mixed *to the best advantage she can* for the benefit of my estate and for the comfort and support of herself and my minor children who may be and live with her at and after the time of my death."

In 1932 Luella Malott had some improvements made on the farm for which Kaufman Bros. asserted a mechanic's lien for $319.25 and the Frey Planing Mill Company asserted a materialman's lien for $277.80, and the remaindermen were joined as defendants in the action to enforce these liens. While this suit was pending Mrs. Luella Malott died (January 3, 1933).

After her death the absolute ownership of this property was in the remaindermen, Ben Malott, Jennie Malott German, Drusie Malott James, Volney T. Malott, Lee Carr, and Ruth Carr; the first four owning one-fifth each and the last two owning between them the one-fifth that had belonged to their mother, Minnie Malott Carr.

A life tenant cannot by contract affect the interest of the remainderman, hence there can be no lien created on the remainder for work done or materials furnished under a contract made with the life tenant.

Wilson v. Hamilton, 140 Ky. 327, 131 S. W. 32; Wain-scott v. McBroom, 203 Ky. 634, 262 S. W. 961; Station Springs Park Co. v. Keesee, 217 Ky. 229, 289 S. W. 292.

These lien claimants sought to find in this will some sort of power vested in the life tenant to incumber this property by erecting improvements thereon.

That the testator did not empower his widow to incumber this property is clearly stated in his will, and moreover he repeatedly uses the expression "to the best advantage she can," thus again clearly showing he did not want this property incumbered, for if he had intended to give her the power to incumber it he would have known she could have carried out all the suggestions he made.

This will must be construed as if the words "without encumbering this property" followed the word "can" at each of the places where we have italicized it, for if possible a will must be so construed as to bring all parts of it into harmony. Ordinarily it is the duty of the life tenant to make the needed repairs on the property, and he cannot either directly or indirectly charge against the remainderman the repairs he may make. See Superior Oil Corp. v. Alcorn, 242 Ky. 814, 47 S. W. (2d) 973; Clay v. Clay's Guardian, 72 S. W. 810, 24 Ky. Law Rep. 2016; Prescott v. Grimes, 143 Ky. 191, 136 S. W. 206, 33 L. R. A. (N. S.) 669; Frederick v. Frederick's Adm'r, 102 S. W. 858, 31 Ky. Law Rep. 583, 13 L. R. A. (N. S.) 514; 12 Kentucky Digest, Life Estates, 17; 21 C. J. p. 953, sec. 91. The case of Matherly v. Johnson's Ex'rs, 254 Ky. 307, 71 S. W. (2d) 663, is of controlling applicability here.

These lien claimants sought by pleading and proof to estop Mrs. German because as they say she saw the work going on and made no protest. Volney T. Malott testifies she expressed her disapproval to him and said: "You have assumed a bigger burden than you can handle."

These remaindermen could not by any legal process prevent the life tenant from having this work done. Mrs. German expressed her disapproval and that was all she could do. The court erred when it imposed these mechanic's and materialman's liens upon the property of these remaindermen, and when it failed to adjudge the mortgage lien to Mrs. German created

132

March 29, 1927, by Volney T. Malott upon his one-fifth, a first lien thereon.

Judgment reversed, with direction to enter a judgment for appellants as indicated.