THE FIRST NAT. BANK OF DAVENPORT v. BENNETT ET AL.

**Judgment: LIEN: LEASE.** A judgment is a lien on a leasehold interest in real estate; and such lien takes precedence of subsequent conveyances or transfers of the lease by the judgment defendants.

*Appeal from Cass District Court.*

SATURDAY, JUNE 12.

THIS is a suit in equity to quiet plaintiff's title to certain property, to set aside the defendant's, Sarah Bennett's, claim thereto, and to enjoin any interference with the property until final adjudication, and for general and special relief. C. B. Bennett, John Bennett, Sarah Bennett, and Loring & Bennett are made defendants. The issues made by the pleadings are mainly upon the good faith of the purchase by Sarah Bennett, and the payment of any consideration by her for the property; the other facts upon which the title of each is based are mainly without conflict. The District Court granted the plaintiff the relief prayed. The defendant, Sarah Bennett, appeals.

*H. E. Griswold* and *S. W. W. Straight*, for appellant.

*C. F. Loofbourow*, for appellee.

COLE, J.—It is only necessary to state the ultimate facts as we find them, and our conclusion thereon. In April, 1870, the defendants, C. B. Bennett and A. Colflesh, executed their several negotiable promissory notes to Liveright & Baumer. The plaintiff became owner of said notes by indorsement before maturity, and sent the same for collection to Loring & Bennett, bankers, at Atlantic. Said bankers, in reliance upon the promise of the makers to pay the same, negligently failed to protest the notes, and to give notice of non-payment, etc., so as to bind plaintiff's indorsers, who were good. Plaintiff notified the said Loring & Bennett that they would be looked to for payment. Directly thereafter,

and in July, 1870, C. B. Bennett, for the purpose of indemnifying Loring & Bennett against loss by reason of their failure to protest said notes, executed to them a mortgage upon " a certain two-story frame building with all the appurtenances thereto belonging, situated one door west of the Reynolds' House, and on the block known as the hotel block in Atlantic, Cass county, Iowa." At that time C. B. Bennett was the owner of the said building, etc., together with a leasehold interest in the lot for two years or more, still unexpired, and had " the right to remove his improvements at the end of the lease," and the refusal of a further lease.

In January, 1871, Loring & Bennett became insolvent, and absconded the State, as did also C. B. Bennett and A. Colflesh. In May, 1871, the plaintiff obtained judgment in the Cass District Court against the said C. B. Bennett and A. Colflesh for $430.36, the amount of said notes and interest. October 5, 1872, execution was issued upon said judgment, and was levied upon the property in controversy, including the leasehold interest in the lot and buildings thereon; and, on the 16th day of November, 1872, the property was sold thereunder to the plaintiff, it being bought in the name of Ira M. Gifford, its president, for $366.67, and was afterwards duly conveyed.

In January, 1871, C. B. Bennett, for a fraudulent purpose, and without any consideration, conveyed the property to Ettie Hall, who afterwards, and in February, 1872, voluntarily reconveyed it to C. B. Bennett. On February 15, 1872, the said C. B. Bennett conveyed the property to Sarah Bennett, his mother, the conveyance itself stating that it was made " for and in consideration of love and affection, and one dollar in hand paid." The evidence on the part of defendants tends to show that the defendant, John Bennett, who is the father of C. B. and the husband of Sarah, did, sometime in 1863 or 1864, advance to C. B. Bennett five hundred dollars, for which he took no note or security, and which has never been repaid; and that said sum may have constituted a part consideration for the conveyance of the property to Sarah Bennett. These are substantially all the facts of the case.

It will be observed that the plaintiff's judgment against C. B. Bennett was obtained in May, 1871, and that the conveyance by him to Sarah Bennett was not made till February, 1872. Under our statute then in force, Rev. 1860, Secs. 4105–9, as now, Code Sec. 2882, judgments were liens upon the real estate owned by the defendant in the county where rendered or filed; and, by Rev., Sec. 29, sub-div., 8, and Code, Sec. 45, sub-div., 8, the "phrase real estate includes lands, tenements, hereditaments, and all *rights thereto* and interests therein, equitable as well as legal." The leasehold interest of C. B. Bennett in the lot whereon the improvements are situated, was such a right to it as brought the same subject to the judgment lien under our statute, as above shown. This has been, in effect, so held several times by this court heretofore. See *Cook & Sargent v. Dillon et al.*, 9 Iowa, 407; *Pelan v. De Bevard et al.*, 13 Iowa, 53; *Baldwin v. Thompson et al.*, 15 Iowa, 504. We should have no serious difficulty in reaching the same conclusion upon the theory that the conveyance to Sarah Bennett was voluntary in fact; or that the mortgage made by C. B. Bennett to Loring & Bennett was still in force and unsatisfied, and that in equity the plaintiff's right thereto, by subrogation or otherwise, would give a right paramount to that of appellant.

The judgment of the court below is abundantly well sustained, and is

AFFIRMED.