SWEEZY v. JONES ET AL.

1. **Judgment:** LIEN ON LEASEHOLD: SALE OF LEASEHOLD ON EXECUTION: EQUITABLE AID. A judgment is a lien on the debtor's leasehold interest in land, and it follows the leasehold, though conveyed to other persons; (*First Nat. Bank of Davenport v. Bennett*, 40 Iowa, 537;) and such leasehold may be sold upon execution, after conveyance, without the aid of equity; and an action in equity for that purpose cannot be maintained.

2. ———: LIEN ON RIGHT TO PURCHASE LAND. The right to purchase land at one's option, at a certain price, is not such an interest in land that a judgment against the holder of the option will be a lien thereon.

*Appeal from Clay District Court.*

MONDAY, DECEMBER 8.

ACTION in equity to establish a judgment lien upon certain land in Clay county. The plaintiff showed in his petition that he holds two judgments, rendered in the circuit court of Clay county, against the defendant, Edward Jones; that Jones, after the rendition of the judgments, was the owner of an interest in the land in question, such interest having been derived from the state of Iowa by reason of a contract with the trustees of the agricultural college, whereby they leased to him the land for the term of ten years, commencing November 13, 1874, with the right, if he so elected, to purchase the same at a designated price. The plaintiff also showed in his petition that Jones sold and assigned the lease to the defendant, Jane Hughes, and that she sold and assigned the same to the defendant, W. J. Davis, and that Davis elected to purchase, and did purchase, under the option given, and has acquired a patent to the land from the state. The plaintiff also showed in his petition that Jones is insolvent. To the petition the defendants, Jane Hughes and W. J. Davis, demurred, and the demurrer was sustained. The plaintiff elected to stand upon his petition, and judgment was rendered against him for costs. He appeals.

*Hubbard & Hughes*, for appellant.

*Parker & Richardson*, for appellees.

ADAMS, J.—The plaintiff insists that Jones had two distinct interests in the land upon which his judgments attached as liens, to-wit, his interest as lessee, and his interest existing by reason of the option given him to purchase. For the purpose of the opinion, it may be conceded that his judgments were liens upon the leasehold interest. But we are not able to see how, if this is so, he needed the aid of a court of equity. Where a judgment operates as a lien upon a leasehold interest, all the creditor needs to do is to sell the same upon execution. That such interest may be thus sold was held in *First Nat. Bank of Davenport v. Bennett*, 40 Iowa, 537.

There is nothing which a court of equity can do to advance the interests of the creditor.

As to the interest said to exist by reason of the option given to Jones to purchase, we have to say that we do not think it such as to constitute a right in the land, and do not think that a judgment lien can attach upon it, or be established by decree. The person holding the right of option is not a purchaser. He becomes such only by exercising his right of option, and not until he becomes a purchaser does he acquire anything which a court of law or equity can recognize. We do not think, indeed, if Jones had had nothing more than a mere right of option not exercised, that it would have been claimed that he had anything that could have been sold upon execution. Now, while it is true that he did have more, yet what he had in addition was a distinct interest, and, as to that, we have seen that the plaintiff did not need the aid of a court of equity. We think that the demurrer was rightfully sustained.

AFFIRMED.