HAYDEN & Co. v. GOPPINGER ET AL.

1. **Judgment:** LIEN ON BUILDING ERECTED ON LEASED LAND: SUBSEQUENT MORTGAGE OF BUILDING: PRIORITY OF LIEN. A building erected by a tenant on leased land, which cannot be removed by him, becomes attached to the leasehold, and a judgment against the tenant becomes a lien on the building and leasehold, superior to the lien of a subsequent mortgage of the building as a chattel. Whether the same rule would obtain in case the building was erected for the purpose of trade, subject to removal by the tenant, is not decided; but compare *First Nat. Bank of Davenport v. Bennett,* 40 Iowa, 537, and *Walton v. Wray,* 54 Id., 531.

2. **Pleading Conclusion of Law:** NO OBJECTION: RESULT. The allegation that a certain judgment is a lien on certain property, though a conclusion of law, is sufficient, until objected to, to show *prima facie* the right to enforce the alleged lien.

*Appeal from Hamilton District Court.*

WEDNESDAY, OCTOBER 7.

ACTION to enforce the lien of a judgment. A demurrer to the petition was sustained; and, plaintiffs standing upon their petition, the action was dismissed. They now appeal.

*Chase & Chase* and *W. J. Covil*, for appellants.

*Kamrar & Boeye*, for appellee.

BECK, CH. J.—I. The petition alleges that plaintiff recovered a valid judgment against one Floyd; that subsequently Floyd executed a chattel mortgage to defendants Goppinger, on a building situated upon certain lots in Webster City, to secure the payment of a promissory note executed by him; and that Floyd has since died, and the Goppingers have caused their mortgage to be foreclosed, and are about to sell the building upon a decree of foreclosure. The petition contains a further allegation in the following language: " That said building was built by said Floyd on the lots in question, under a lease for a term of years, and plaintiffs' judgment was a lien on said leasehold and building, prior to the execution of mortgage under which said Goppingers claim, and their interest is inferior and subject to the lien and claim of plaintiff." The defendants demurred to the petition on the ground that it shows that the building was personal property when the judgment of plaintiffs was rendered, and continues to be property of that character. The demurrer was sustained. Of this ruling plaintiffs now complain.

II. Counsel have directed their attention in argument to the questions whether a building erected upon leasehold land is personal property, and whether the building involved in the case became a part of the leasehold property, and was held as such by the tenant. It would appear that a building upon leasehold property, with the right of the tenant to remove it at the end of the term, is, with the interest of the tenant in the land, subject to the lien of a judgment rendered against the tenant, which is paramount to subsequent conveyances by the tenant. *First Nat. Bank of Davenport v. Bennett*, 40 Iowa, 537. And it may be that buildings erected for the purpose of trade, subject to removal by the

*Marginal note:* 1. JUDGMENT: lien on building erected on leased land: subsequent mortgage of building: priority of lien.

tenant, are to be regarded as personal property, and do not become a part of the leased premises. See *Walton v. Wray*, 54 Iowa, 531. But it cannot be doubted that a building erected by the ·tenant, which cannot be moved by him, becomes attached to the leased premises, and is subject to the same rules, as to liens and conveyances, which apply to the estate and interest of the tenant in the land. That a judgment against the tenant would be a lien upon his interest and estate in the land is settled by *First Nat. Bank Davenport v. Bennett, supra.* In this case the petition does not show whether the building was erected for the purpose of trade and could have been removed by the tenant, or whether it could not have been removed. Nothing is alleged as to the rights of the parties in this regard.

III. But the petition does allege that the judgment was a lien upon the building. This allegation is not objected to as being of a conclusion of law, nor was plaintiff

2. PLEADING
conclusion of
law: no ob-
jection : re-
sult.

required, to state more specifically his title to and interest in the building, and the facts upon which he bases his claim for a lien thereon. While the petition in this respect may be faulty, yet, until complained of upon .this ground, it must be regarded as alleging the existence of the lien, and there is nothing contained in it which shows the contrary. In our opinion it shows *prima facie* plaintiff's right to enforce a lien upon the building.

We reach the conclusion that the district court ought to have overruled. the demurrer.

REVERSED.