W. A. BLAND AND H. J. DRIGGERS, CO-PARTNERS DOING BUSINESS UNDER THE FIRM NAME AND STYLE OF BLAND & DRIGGERS REALTY COMPANY, *Appellants,* v. MAX KNOBLOCK AND LILLIAN KNOBLOCK, HIS WIFE, RALPH MC-BLAIR, B. E. CLUTTER, D. L. BRANDON, M. D. BAER AND OCEAN CITY DEVELOPMENT COMPANY, A CORPORATION UNDER THE LAWS OF THE STATE OF FLORIDA, *Appellees.*

Division B.

Opinion Filed July 13, 1926.

1. Reversed in part on authority of the opinion in the case of Fisher v. Miller, filed during this term of the Court.

An Appeal from the Circuit Court for Palm Beach County; C. E. Chillingworth, Judge.

Reversed in part.

*Chancey, Giblin & Saunders, V. C. Giblin* and *J. H. Lathero,* for Appellants;

*Bassett & Hunter,* for Appellees.

PER CURIAM.—The appellants here were complainants in the Court below in a suit to compel the Specific Performance of a contract for the purchase and sale of certain real estate described in the bill.

The contract from which the suit was based was as follows: "Bland & Driggers Realty Company hereby agrees to purchase at the price of Fifty-five Thousand Dollars the following real estate in Palm Beach County, Florida, to-wit:

SW¼ of SW¼ of SW¼ of Sec. 4, twp. 46 S. Range 43 East; Also SE¼ of SW¼ of SW¼ of said Sec. 4; Also all that part of the S½ of SE¼ of SW¼ of said Sec. 4, lying west of Fla. E. C. Ry. R/W; Also all that part of the S½ of N½ of SE¼ of SW¼ of said Sec. 4, lying W of the E. C. R/W known as the Hunebaugh Grove.

And Max Knoblock, joined by his wife Lillian Knoblock, hereby agrees to sell, identify and deliver said lands; also to acquire and convey to said purchaser a good and marketable title thereto in fee simple, free from all taxes, liens, assessments, defects, charges and all incumbrances whatever, also to convey said land by general warranty deed with full common law covenants of seizen, good right to convey, against incumbrances of warranty, for quiet enjoy-

ment, and for further assurance, also to furnish a complete merchantable abstract of fee simple title to said premises from 1890 to this date all at said prices, subject to the following exceptions: None.

Evidence of said title and said abstract shall be delivered to said purchaser within fifteen days and said purchaser shall examine said title within ten days thereafter.

The seller hereby acknowledges the receipt from said purchaser of the sum of One Thousand Dollars as part of said price. On the approval of said title and delivery of said land said purchaser shall pay the sum of Nine Thousand Dollars. The balance to be thereafter paid as follows: Fifteen Thousand Dollars in one year from date of deed; and Fifteen Thousand in two years after date of deed; and Fifteen Thousand Dollars in three years after date of deed. All deferred payments to draw interest at the rate of eight per cent per annum from date of deed until paid, said interest payable annually.

Said deferred payments shall date and draw interest from date of approval of said title and until paid, payable annually at the rate of eight per cent, per annum.

Witness our hands and seals this 31st day of January, 1925.

> MAX KNOBLOCK, (SEAL).
> LILLIAN KNOBLOCK, (SEAL).
> BLAND & DRIGGERS,
> (By) H. H. NOBLES.

2 Witnesses.

Acknowledged by all parties but not separate acknowledgment of Lillian Knoblock.''

After Demurrer had been sustained to the original bill, the bill was amended by inserting the following:

'' 'That the complainants are willing, ready and hereby offer in the event the Court shall decree that the aforesaid

contract, a copy of which is attached to the Bill of Complaint marked 'Exhibit A,' is void and unenforceable as against the defendant, Lillian Knoblock, to accept a Deed from the defendant, Max Knoblock, without the joiner of his wife, Lillian Knoblock, therein, without abatement or reduction of the purchase price provided for in and by the contract aforesaid, and without change or alteration in the terms or provisions thereof, and without any indemnities whatsoever.' "

And the complainants further move the Court for leave to amend the prayer of their said Bill of Complaint by inserting immediately before the Prayer for other and further relief the following words:

'And that in the event the Court shall decree that the said agreement, a copy of which is hereto attached, marked 'Exhibit A,' and made a part hereof, is void and unenforceable as against the defendant, Lillian Knoblock, the defendant, Max Knoblock, be decreed and ordered to make, execute and deliver unto the complainants a good and sufficient Deed of conveyance conveying and assuring the lands hereinabove described to the compalinants in fee simple, clear of all liens and encumbrances whatsoever except the right, title and interest of the defendant, Lillian Knoblock, in and to said lands, upon the payment by the complainants of the sums of money provided for, in and by the agreement aforesaid, and the performance by the complainants of said agreement, without abatement or reduction of the purchase price of said lands, or without any provision for indemnities whatsoever by reason of non-joiner of the defendant, Lillian Knoblock, in the making, execution and delivery of such Deed."

Demurrer was interposed to the bill as amended as follows:

"Joint and Several Demurrer of Max Knoblock and Lillian Knoblock, his wife, Defendants, to the Amended Bill of Complaint for Specific Performance of W. A. Bland and H. J. Driggers, co-partners, doing business under the firm name and style of BLAND and DRIGGERS REALTY COMPANY."

These Defendants, by protestation, not confessing all or any of the matters and things in the Complainant's amended Bill of Complaint contained to be true in such manner and form as the same are therein set forth and alleged, and for cause of demurrer showeth that:

1. Paragraph II of Complainant's Amended Bill of Complaint and Exhibit A thereto attached and made a part thereof by reference, affirmatively shows that Lillian Knoblock as the wife of Max Knoblock, Defendants herein, did not make such acknowledgement separately and apart from her said husband to the alleged contract for the sale of real estate set forth in Complainant's Bill of Complaint, as would by law be binding on her or her interest in the land described in said Bill of Complaint, according to Section 3803, Revised General Statutes of Florida, 1920.

2. Paragraph III of Complainant's Amended Bill of Complaint and Exhibit B thereto attached and made a part thereof by reference, affirmatively shows that Lillian Knoblock, as the wife of Max Knoblock, Defendant herein, did not make such acknowledgment separately and apart from her said husband to the alleged contract for the sale of real estate as set forth in the Complainant's Bill of Complaint, as would by law be binding on her interest in the land described in said Bill of Complaint, according to Section 3803, Revised General Statutes of Florida, 1920.

3. Paragraph III of Complainant's Amended Bill of Complaint and Exhibit B thereto attached and made a

part thereof by reference, affirmatively shows that the Notary Public taking the said acknowledgment of the said Lillian Knoblock, as the wife of Max Knoblock, Defendants herein, did not make a certificate setting forth such facts as are required to be set forth in such certificate of acknowledgment of a married woman by Section 3803, Revised General Statutes of Florida, 1920. ,

4. The acknowledgment of Lillian Knoblock, as the wife of Max Knoblock, Defendant herein, cannot be evidenced in the manner and form as set forth in Paragraph III of Complainant's Amended Bill of Complaint and Exhibit B thereto attached and made a part thereof by reference, nor in any other manner than the manner and form as set out in Section 3803, Revised General Statutes of Florida, 1920.

5. The certificate of the officer taking the acknowledgment of Lillian Knobloch as the wife of Max Knobloch, Defendants herein, cannot be evidenced in the manner and form as set forth in Paragraph III of Complainant's Amended Bill of Complaint, and Exhibit B thereto attached and by reference made a part thereof, or in any other manner or form than that prescribed by Section 3803, of the Revised General Statutes of Florida, 1920.

6. The certificate of the officer taking the acknowledgment of Lillian Knobloch, as the wife of Max Knobloch, Defendants herein, can have no effect in law or equity except such certificate show affirmatively that it was taken in the manner and form prescribed by law, and that it contains a recital of such acts as are required to be recited by Section 3803 of the Revised General Statutes of Florida, 1920.

7. The certificate of the officer taking the acknowledgment of Lillian Knobloch, as the wife of Max Knobloch,

Defendants herein, must show upon its face that it was a part of the transaction and contract for the sale of real estate which is set out in the Complainant's Amended Bill of Complaint, and was made the basis of this suit.

8.    There is no way by which the requirements made necessary by the provisions of Section 3803 of the Revised General Statutes of Florida, 1920, can be shown save and except in the manner and in the form as prescribed in said Section 3803 of said Statutes.

9.    It is without the jurisdiction of this Court to amend, reform or add to the certificate of acknowledgment of Lillian Knobloch, the wife of Max Knobloch, Defendants herein, as executed by the officer taking said acknowledgment and to correct and add to said certificate so that it will conform with the requirements of Section 3803 of the Revised General Statutes of Florida, 1920.

10.    In the absence of some Statute authorizing the same, a Court of Equity cannot in a suit for Specific Performance of a Contract for the Sale of Land, amend, reform, correct or add to the certificate of the acknowledgment of a married woman as made and executed by a Notary Public.

11.    Paragraph VI of Complainant's Amended Bill of Complaint, the same being the amendment of the original bill filed on Sept. 14, A. D. 1925, does not set out facts sufficient in law or equity to warrant this court in granting the relief prayed.

12.    Paragraph VI of Complainant's Amended Bill of Complaint, the same being the amendment of the original bill filed on Sept. 14, A. D. 1925, contains no equity.

WHEREFORE, and for divers other good causes of demurrer appearing in said Amended Bill of Complaint, these Defendants demur to said Amended Bill and to all

·matters and things therein contained, and pray the judg-
ment of this Honorable Court whether they shall be com-
pelled to make any further or other answer to said Amend-
ed Bill, and pray to be dismissed with their reasonable
costs in this behalf most wrongfully sustained.''

Upon hearing the Court made the following order:

''This cause coming on now to be heard upon the de-
murrer of the defendants Max Knobloch and Lillian Knob-
loch, filed herein to the amended Bill of Complaint, after
argument of counsel and due deliberation by the Court,
which is fully advised in the premises:

IT IS ORDERED, ADJUDGED AND DECREED:

That the Demurrer of the said Defendants to the amend-
ed Bill of Complaint be, and it is hereby sustained,

And the Complainants having declined to further plead
in the cause, it is therefore ordered, adjudged and decreed
that said amended Bill of Complaint be, and it is hereby
dismissed out of Court, and at complainants' costs, and
that this decree be treated and regarded and shall stand
in all respects as the final decree in this cause.

DONE AND ORDERED this 21st day of October, A. D.
1925.''

From this order appeal was taken.

The law governing such a case as is presented by this
record is clearly enunciated in the opinion of this Court
written by Mr. CHIEF JUSTICE BROWN in the case of
Charles F. Fisher, Appellant, v. M. P. Miller et al., Ap-
pellees, filed during the present term of the Court, and
under the authority of the opinion in that case the Court
now holds that the order of the Chancellor sustaining the
demurrer in so far as the same applies to the defendant
Lillian Knobloch should be affirmed and that such order
should be reversed in so far as it applied to Max Knobloch,
and also that the order dismissing the bill of complaint

should be reversed, and the case should be remanded for further proceedings. And it is so ordered.

Reversed in part.

WHITFIELD, P. J., AND TERRELL AND BUFORD, J. J., concur.

BROWN, C. J., AND ELLIS AND STRUM, J. J., concur in the opinion.