R. J. FOXWORTH and his wife, AMANDA J. FOXWORTH, *Appellants,* vs. J. G. MADDOX, *Appellee.*

137 So. 161.

En Banc.

Opinion filed October 9, 1931.

*H. L. Grace,* for Appellants;
*Thomas E. Walker,* for Appellee.

Davis, Commissioner: The appellee, whom we will refer to herein as the complainant, filed his bill in the circuit court of Jackson County against the appellants, whom we will refer to as the defendants. It is shown by the bill that the defendants, on the 15th day of November, 1927, executed and delivered to the complainant a bond for title properly acknowledged, wherein they agreed to convey to the complainant for a named consideration to be paid on or before January 15th, 1928, certain lands therein described; that on the 16th day of January, A. D. 1928, the complainant and the defendant, R. J. Foxworth, entered into another agreement in writing which reads as follows:

"Whereas, heretofore on or about the ...... day of November, 1927, a verdict and judgment was rendered

in a certain cause pending in the Circuit Court of Jackson County, Florida, in which R. J. Foxworth was plaintiff, and Jessie Maddox was defendant, awarding to the plaintiff the title and right of possession of the following described lands in Jackson County, Florida, to-wit:

S½ of SE¼ of Section 23, Township 4 North, range 11 west

And whereas, the said R. J. Foxworth gave to said Jessie Maddox, bearing date of November 15th, 1927, a bond for title to said premises, agreeing to convey said premises to said Maddox on payment of the sum of $1320.00 by said Maddox to said Foxworth on or before January 15th 1928, time being made the essence of said bond for title; and

Whereas, the said Maddox has failed to pay over the said sum of money, to said Foxworth and has paid no part thereof,

Now, therefore, the said second party, Jessie Maddox, hereby recognized the said R. J. Foxworth as the owner of said lands, and entitled to the immediate possession thereof.

It is further agreed that said premises be rented by the said R. J. Foxworth to said Jessie Maddox, for and until the 15th day of December, in the year 1928, for and at the sum of One Hundred Dollars, rental, for which the said Maddox shall give to said Foxworth his note, with a satisfactory endorser thereon, before this rent agreement shall take effect. On the giving of said note and acceptance of same by said Foxworth, the same shall operate as a lease of said premises for until the 15th day of Dec. 1928 to said Jessie Maddox.

The said Jessie Maddox agrees to quit and surrender the said premises to the said R. J. Foxworth at the end of 1928, in as good condition as at this time, less ordinary and usual wear and tear.

It is further agreed that should the said Jessie Maddox, at any time on or before July 15th, 1928, pay over to said R. J. Foxworth, the said sum of $1320.00, provided to be paid by the aforesaid bond for title, together with interest on such sum at 8% from January 15th, 1928, then in such event the said Foxworth shall make and deliver to said Maddox a warranty deed

of conveyance, conveying the said premises to him, and in that event the rent note, here provided for, shall be deemed and held to be cancelled and of no effect.

The bill also alleges in substance that during the years 1928, 1929, and 1930, the complainant made certain payments on the purchase price of said lands and that during the month of April, 1930, complainant having been advised by the defendant, R. J. Foxworth, that there was a balance of $370.00 still due him as principal and interest on the purchase price, he thereupon executed and delivered to said defendant a note for that amount with the understanding that upon the payment of the note, the defendant would make complainant a deed conveying the said land, and that payments had been made on said note; that before the maturity of the note, complainant having made arrangements to take up the balance due, went in person to the defendant, R. J. Foxworth for the purpose of ascertaining the exact amount due thereon, which the bill alleges was $275.00; that complainant has always been ready and willing to pay the said defendant the balance of the purchase money and has made an effort to do so, but the defendant refused to accept the money and advised complainant that he would not make him a deed and in a short time afterwards instituted ejectment proceedings against complainant for the land; that complainant is still ready, able, and willing to pay the defendant any amount ascertained to be due defendant for said land, and that he is entitled to a deed of conveyance conveying to him the said premises. The bill prays that the court ascertain and decree the amount that is due the defendant, R. J. Foxworth, and to require the defendants, ''R. J. Foxworth and Amanda J. Foxworth, to accept the same and to execute and deliver'' to complainant a good and sufficient deed of conveyance

of the property, and that the defendant, R. J. Foxworth, be enjoined from further prosecuting the ejectment suit.

In their answer defendants reserving to themselves exceptions to the insufficiencies of the bill averred that no part of the purchase price of said land has ever been paid or tendered to the defendants.

The testimony in the cause was taken before the Circuit Judge who thereupon found the equities to be with the complainant, and that he was indebted to the "defendants in the sum of $500.00, as a balance due on the purchase money and the further sum of $38.08 as taxes paid by the defendants, and decreed that upon complainant paying to the defendant the said sums of money; that the "said defendants shall execute and deliver to the complainant a warranty deed conveying the aforesaid land to the complainant, and shall remove any incumbrances of record against the land or protect the complainant against the same"; that in the event of tender and payment as therein provided, and the defendants fail and refuse to accept the money and execute the deed, that a commissioner therein appointed accept the money and deposit it in the registry of the court and make a good and sufficient deed conveying the said lands "free from all incumbrances and liens", to the complainant.

To sustain the allegations of the bill, the complainant offered in evidence certain receipts which he said were delivered to him by the defendant, R. J. Foxworth, which, if genuine, justified the court in finding that the complainant was due on the purchase price of the land only Five Hundred Dollars. The said R. J. Foxworth testifying as a witness in the case denied giving the receipts and stated that he had been paid but $225.00, which was less than the rental value of the land for three years.

It appears that the complainant failed to make pay-

ment for the land as provided in the bond for title, which was signed and acknowledged by both Foxworth and his wife, and that he, the complainant, and R. J. Foxworth thereupon entered into a new contract to which Mrs. Foxworth was not a party. This last instrument created the relation of landlord and tenant between R. J. Foxworth and the complainant, and conferred an option upon the complainant to purchase the premises in question. It is common for leases to contain such a provision, and such an option prior to its exercise does not prevent the existence of the relationship of landlord and tenant, although the payments made as rent are to be credited upon the purchase price in case of the exercise of the option. 35 C. J. 1038. See Fla. Yacht Club vs. Renfroe, 67 Fla. 154, 64 So. 742, and also, L'Engle vs. Overstreet, 61 Fla. 653, 55 So. 381.

The contract in the instant case provided for the exercise of the option by the lessee paying the purchase price of the land by July 15th, 1928. The evidence on the part of complainant, if believed, discloses that strict performance of this provision was waived by the lessor, R. J. Foxworth, when he subsequently accepted payments, if he did accept them, on the purchase price. The burden of showing the partial payments on the purchase price and a readiness, willingness and ability to pay any balance due thereon was on the complainant. International Harvester Co. of America vs. Smith, 51 Fla. 220, 40 So. 840; Petroutsa vs. Schrader, 76 Fla. 574, 80 So. 486.

Without reviewing here the evidence as to payments represented to have been made on the purchase price of the land, we will say that while the evidence produced by the defendants was in sharp conflict with that of the complainant, and a serious question was raised as to the authenticity of the receipts offered in evidence by the

complainant, the chancellor who heard the testimony, saw the witnesses and had an opportunity to inspect the receipts, settled the conflicts in the evidence and also any doubts as to the genuineness of the receipts in favor of the complainant.

Upon appeal, as well as upon writ of error, every presumption is in favor of the correctness of the ruling of the court below. Davis vs. Horne, 57 Fla. 396, 49 So. 505.

There is testimony in the record that supports the finding that the complainant was due the defendant, R. J. Foxworth, on the purchase price of the land in question the sum of $500.00, and it is settled here, that where there is testimony to sustain a decree, it will in general not be reversed on the ground that it is not supported by the evidence. Herrin vs. Abbe, 55 Fla. 769, 46 So. 183, 18 L. R. A. (N. S.) 907; Travis vs. Travis, 81 Fla. 309, 87 So. 762. Commercial Bank of Ocala vs. First National Bank of Gainesville, 80 Fla. 685, 87 So. 315.

Findings of the chancellor have more weight if the evidence was taken before him than if not so taken, but in either case they will not be disturbed on appeal unless clearly erroneous. Carr vs. Lesley, 73 Fla. 233, 74 So. 207; Farrington vs. Harrison, 95 Fla. 769, 116 So. 497.

It is contended by appellants in effect that the lease was not signed or acknowledged by Amanda J. Foxworth, and for that reason a decree should not have covered more than the interest of her husband, R. J. Foxworth.

At the time the lease was executed, the complainant knew that the defendant R. J. Foxworth, was a married man, as is evidenced by the bond for title, a copy of which was made a part of the bill of complaint. He, therefore, knew that Amanda J. Foxworth, the wife of R. J. Foxworth, had an inchoate right of dower in the land which she could not be compelled to release or con-

vey when she was under no contractual obligation to convey, executed with all the formalities required by the statute. Sec. 5675, 5676 (3802 and 3803) Compiled General Laws, 1927; Fisher vs. Miller, 92 Fla. 48, 109 So. 257. See also, Murphy vs. Hohne, 73 Fla. 803, 74 So. 973, L. R. A. 1917 F. 594. The complainant under the pleadings and proof was not entitled to a decree for a greater interest than R. J. Foxworth himself had.

The decree is reversed and the cause is remanded with directions to the lower court to enter a decree that will be in harmony with the views herein expressed.

PER CURIAM.—The record in this cause having been considered by the court and the foregoing opinion prepared under Chapter 14553, Acts 1929, adopted by the court as its opinion, it is considered, ordered, adjudged and decreed by the court that the decree of the court below should be, and the same is hereby reversed and the cause is remanded with directions to enter a decree that will be in harmony with the views therein expressed.

BUFORD, C.J., AND WHITFIELD, ELLIS, TERRELL, BROWN AND DAVIS, J.J., concur.