91 So.2d 324 (1956)
John A. GAUTIER, as Dade County Tax Assessor, and Earnest Overstreet, as Dade County Tax Collector, Appellants,
v.
David LAPOF and Sally Lapof, his Wife, Appellees.
Supreme Court of Florida. Division B.
December 12, 1956.
*325 Weinkle & Kessler, Miami, and Leonard Pepper, Tallahassee, for John A. Gautier, as Dade County Tax Assessor and Weintraub, Martin, Schwartz & Spector, Miami, for Earnest Overstreet, as Dade County Tax Collector, for appellants.
Charles & Watson, Miami, for appellees.
O'CONNELL, Justice.
Appellants, Gautier and Overstreet are Tax Assessor and Tax Collector, respectively, of Dade County; they were defendants below. They appeal from a summary final decree wherein the chancellor held that appellees, plaintiffs below, were legally entitled to the benefits of homestead tax exemption for the tax year 1954 on certain real property in Dade County.
Plaintiffs, husband and wife, brought a suit for declaratory decree against the defendants seeking to have the chancellor decree that they were the beneficial owners of certain real property and thereby entitled to tax exemption applicable to homestead property.
The facts are undisputed. Plaintiffs, on September 1, 1953, by bill of sale purchased a building located on a lot in Dade County. The lot in question was subject to a 99 year lease, which lease contained an option to purchase. On the same day plaintiffs became the owners, by assignment, of said lease. On or about July 1, 1954 plaintiffs exercised the option to purchase contained in the lease and became the legal owners of the lot in question, as well as of the improvements thereon.
Prior to April 1, 1954 plaintiffs applied to the defendant Tax Assessor for homestead tax exemption and the application was denied. The Dade County Board of Equalization affirmed the decision of the tax assessor.
Thereafter plaintiffs filed this suit which resulted in the summary final decree from which this appeal is taken.
The provision of the Florida Constitution which provides a tax exemption for homesteads is found in Art. X, Sec. 7, F.S.A. as follows:
"Every person who has the legal title or beneficial title in equity to real property in this State and who resides thereon and in good faith makes the same his or her permanent home, or the permanent home of another or others legally or naturally dependent upon said person, shall be entitled to an exemption from all taxation, except for assessments for special benefits, up to the assessed valuation of Five Thousand Dollars * * *."
We have previously held that the status of title to real estate on the first day of January of any tax year determines the person in whose name such real estate shall be assessed and determines the right to the homestead tax exemption. Simpson v. Hirshberg, 1947, 159 Fla. 25, 30 So.2d 912; Sec. 192.04, Florida Statutes, 1953, F.S.A. Therefore the plaintiffs' rights must be determined by the status of their title or interest in the lot as of January 1, 1954.
It is obvious that plaintiffs were not the owners of the legal title to the lot on January *326 1, 1954. Their right to the tax exemption, if any right they have, must be based on a claim that they held the beneficial title to said lands as of January 1.
Plaintiffs could conceivably claim that they were the equitable owners of said lands (1) on the theory that because the lease contained an option to purchase, the presence of the option transformed the relation of landlord and tenant to a greater estate or (2) on the theory that when the option to purchase was exercised the plaintiffs became the beneficial or equitable owners of the property and that this equitable estate related back to the date they acquired ownership of the lease and option.
We are required then to determine if under either theory the plaintiffs were the equitable owners of the lot on January 1, 1954.
This question has not been heretofore presented to this court.
We held in Foxworth v. Maddox, 1931, 103 Fla. 32, 137 So. 161 that an option to purchase contained in a lease did not prevent the existence of the relationship of landlord and tenant, even where rent payments were to be applied on the purchase price if the option was exercised. In 32 Am.Jur., Landlord and Tenant, Sec. 300, it is stated that under a lease with option to purchase the relation of the parties is merely that of landlord and tenant until the option is exercised, and the tenant has no estate in the land beyond the lease until he elects to purchase.
It seems clear to us that until an optionee exercises the right to purchase in accordance with the terms of his option he has no estate, either legal or equitable, in the lands involved. Caldwell v. Frazier, 1902, 65 Kan. 24, 68 P. 1076; Rease v. Kittle, 1904, 56 W. Va. 269, 49 S.E. 150; Sweezy v. Jones, 1884, 65 Iowa 272, 21 N.W. 603; Cameron v. Shumway, 1907, 149 Mich. 634, 113 N.W. 287; Womack v. Coleman, 1904, 92 Minn. 328, 100 N.W. 9; Kadish v. Lyon, 1907, 229 Ill. 35, 82 N.E. 194; Thacher v. Weston, 1908, 197 Mass. 143, 83 N.E. 360; Luigart v. Lexington Turf Club, 1908, 130 Ky. 473, 113 S.W. 814.
Nor do we know of any rule or reason which would cause a different result where an option is contained in a lease.
We therefore conclude that the presence of the option in the lease gave the plaintiffs no estate, legal or equitable, in the demised lands beyond the leasehold estate created by the lease itself.
There is no question that a vendee of lands under a contract of purchase is regarded as the beneficial owner thereof from the time the contract is executed. Kozacik v. Kozacik, 1946, 157 Fla. 597, 26 So.2d 659. Nor is there any question here that the plaintiffs became vendees and the equitable owners of the lot on or about July 1, 1954 when they exercised the option to purchase. Welch v. Gray Moss Bondholders Corp., 1937, 128 Fla. 722, 175 So. 529.
The majority rule is that the change of position from optionee to purchaser occurs at the date an option becomes, by acceptance, a contract of sale and purchase, and that the change cannot relate back to the date of the option. Durfee House Furnishing Co. v. Great Atlantic & Pacific Tea Co., 1927, 100 Vt. 204, 136 A. 379, 50 A.L.R. 1309; 3 Amer. Law of Prop. "options", Sec. 11.17. The Durfee case is in point with this case. We agree with the reasoning and the conclusion set forth therein.
Accordingly, we hold that an option to purchase contained in a lease, until exercised, affords no greater estate than conveyed by the lease itself and that when the option is exercised the optionee, becomes the equitable owner of the lands involved, as of the date the option is exercised and not before. The equitable estate does not relate back to the date of the option or the date of the lease containing the option.
The exemption of homestead property from taxation and the exemption of such *327 property from forced sale as provided in our Florida Constitution must not be confused. This court has held that the constitutional exemption of homestead property may operate in favor of any estate, whether freehold or lesser, when held by one qualified under the Constitution to claim it. Menendez v. Rodriguez, 1932, 106 Fla. 214, 143 So. 223. Our opinion in the case now before us does not relate to or disturb the decision in the Menendez case, or in other like cases.
The decree appealed from is reversed with directions to enter a decree for the defendants-appellants.
DREW, C.J., and THOMAS and ROBERTS, JJ., concur.