104 So.2d 860 (1958)
PARADISE POOLS, Inc., a Florida corporation, Appellant,
v.
Samuel GENAUER, Appellee.
No. 57-450.
District Court of Appeal of Florida. Third District.
September 9, 1958.
*861 B.C. Fuller and G. Milton Rubin, Miami Beach, Ehrich & Zuckerman, Miami, and Burton B. Loebl, Miami Beach, for appellant.
Nathanson & Oka, Miami Beach, for appellee.
PEARSON, Judge.
Plaintiff-appellant brought suit seeking specific performance based on an option given it by the defendant which plaintiff alleged it exercised and the defendant in his answer admitted the exercise of the option by the plaintiff. Upon a motion by defendant for a judgment on the pleadings, the court entered a final decree of dismissal from which plaintiff appealed. The complaint is not wholly without equity and we reverse.
The rule of law to be applied upon a motion for judgment on the pleadings as stated by Moore is as follows:
"Under the orthodox rule, a motion for judgment on the pleadings must be sustained by the undisputed facts appearing in all the pleadings, supplemented by any facts of which the court will take judicial notice. For the purposes of the motion, all well-pleaded material allegations of the opposing party's pleading are to be taken as true, and all allegations of the moving party which have been denied are taken as false. Conclusions of law are not deemed admitted. Judgment on the pleadings may be granted only if, on the facts as so admitted, the moving party is clearly entitled to judgment. Hence a defendant may not obtain a judgment on the pleadings on the basis of the allegations in his answer where no reply is required, since under Rule 8(d) these allegations are deemed denied; nor may defendant move on the basis of an insufficient denial of the allegations of his answer in plaintiff's reply, where the reply was not required or ordered by the court." 2 Moore's Federal Practice, 2d Ed., 2269.
The foregoing comment was addressed to Federal Rules of Civil Procedure, rules 12(c) and 8(d), 28 U.S.C.A., which correspond to Florida Rules of Civil Procedure, rules 1.11(c) and 1.8(e) respectively.
It appears from the pleadings that the defendant is married and his wife refuses to join in a conveyance of the property so as to release her dower interest. The plaintiff contends he is entitled to a conveyance free of dower and the defendant contends not. It appears from defendant's answer that he is ready to convey to plaintiff subject to his wife's inchoate dower interest. The wife is not a party to the option nor a party to the suit. The option is contained in a lease from the defendant to the plaintiff *862 of the property involved, the words of which option are as follows:
"The Lessee is herewith granted the option to purchase the demised premises at a price equal to that paid by Samuel Genauer, plus all costs, including attorneys' fees advanced by him in the acquisition of said property. In the event the Lessee desires to exercise such option to purchase, it may do so by furnishing the Lessor fifteen (15) days notice by registered mail, by addressing the Lessor in care of his attorneys, Nathanson, Oka & Spaet, Suite 514, 350 Lincoln Road, Miami Beach, Florida, and the closing shall take place on the next ensuing first of the month. There shall be no proration of rent. Such option to purchase must be exercised by the Lessee on or before July 1, 1956, and after said date this option to purchase shall lapse and the Lessee shall have no option to purchase thereafter."
The complaint alleges that the plaintiff exercised his option which is admitted by the defendant in his answer. These facts establish that there is equity in the complaint.
The appellant-plaintiff seeks an abatement of the purchase price in the absence of a release of the wife's dower. It appears that the appellant is not entitled to an abatement of the purchase price if he is chargeable with notice or knowledge that defendant was married at the time of the granting of the option. Fisher v. Miller, 92 Fla. 48, 109 So. 257, 261; Bland v. Knoblock, 92 Fla. 254, 109 So. 415. In the Fisher case the Court held:
"The marriage status should not be used as a shield to prevent the enforcement of the just obligation of a man who presents no other excuse to justify his nonperformance. If in the further proceedings in the case it should develop, as is indicated by the plea, that the complainant, or his assignor, was chargeable with notice or knowledge of the defendant Miller's marital status, at or before the execution of the contract, all that the complainant would then be entitled to secure would be specific performance by said Miller * * without any abatement of the purchase price. Or, if it should develop that complainant was not chargeable with such notice that Miller was married, he would be entitled to like specific performance, with an abatement from the purchase price of the present worth of the outstanding dower interest."
It therefore appears that the plaintiff may be entitled to the relief prayed, if it is able to prove it is not charged with notice or knowledge of the marital status of the defendant.
Reversed and remanded for further proceedings not inconsistent with this opinion.
CARROLL, CHAS., C.J., and HORTON, J., concur.