107 So.2d 381 (1958)
Waller VAN FLEET, Petitioner,
v.
A.W. LINDGREN and Anna Belle Lindgren, his wife, Respondents.
Supreme Court of Florida.
December 10, 1958.
Talbot W. Trammell, Miami, for petitioner.
Thomas H. Anderson and Anderson & Nadeau, Miami, for respondents.
THORNAL, Justice.
By petition for certiorari petitioner Van Fleet requests us to review a decision of the District Court of Appeal of Florida, Third District, on the ground that that decision conflicts with a prior decision of this court on the same point of law.
We are called upon to determine whether the decision of the District Court of Appeal in Lindgren v. Van Fleet, Fla.App. 1958, 101 So.2d 155, conflicts with the prior decision of this court in Foxworth v. Maddox, 103 Fla. 32, 137 So. 161.
Van Fleet filed in the Circuit Court a complaint praying for the specific enforcement of an alleged contract for the conveyance of land. He asked that Lindgren and wife be required to convey the land to him. He also asked that the conveyance be executed by one Spechler and wife, whom he alleged had acquired title from the Lindgrens with notice of the Van Fleet contract. There was an alternative prayer for damages in the event of denial of specific performance. The Chancellor granted the requested relief for specific performance and entered a decree accordingly. By the decree he directed Lindgren and wife as well as the Spechlers to execute conveyances to Van Fleet. Numerous defenses were pleaded in the specific performance suit. We discuss only one of them here because the others are not before us for consideration. Lindgren and wife appealed to the District Court of Appeal of Florida, Third District, which rendered its decision appearing in 101 So.2d 155.
An examination of the cited decision of the Court of Appeal will reveal that that court decided that the decree of the Chancellor was erroneous as to Mrs. Lindgren for the reason that she had not joined in the contract of sale in order to waive her *382 dower rights as required by Section 708.07, Florida Statutes, F.S.A. With reference to Mr. Lindgren, the original seller, the Court of Appeal decided that the decree of the Chancellor was erroneous because in the view of the appellate court Van Fleet, the purchaser, had orginally proceeded on the theory that he was entitled to a conveyance by both husband and wife as a result of the wife's participation in the negotiation and her acquiescence therein resulting in an estoppel that would preclude her from denying her consent to the original transaction. From this premise the Court of Appeal then apparently reasoned that even if the circumstances revealed by the record would otherwise justify an order directing the husband alone to execute a deed, he should not be required to do so in this instance because Van Fleet, the purchaser, had insisted upon complete performance by both parties in the lower court.
The decisive point of law assaulted by the petition for certiorari now here was announced by the Court of Appeal as follows:
"Assuming (but without deciding), that, in the circumstances revealed by the record, the appellee could have required the conveyance to him of the appellant husband's right, title and interest, subject to the appellant wife's inchoate dower interest, and without any abatement of the purchase price, he did not offer (as did the vendees in Bland v. Knoblock, 92 Fla. 254, 109 So. 415) to accept such partial performance, but insisted on his claimed right to the relinquishment of the dower interest and to complete performance. His position is predicated on the argument that the appellant wife's attitude and conduct were such that `in equity and good conscience' she should not be permitted to invoke and rely on the provisions of section 708.07, supra."
Pursuant to Article V, Section 4, Florida Constitution, F.S.A., which authorizes us to review by certiorari "any decision of a district court of appeal * * * that is in direct conflict with a decision of another district court of appeal or of the supreme court on the same point of law," the petitioner contends that the subject decision of the Court of Appeal comes into direct conflict on the cited point with the prior decision of the court in Foxworth v. Maddox, supra. We issued the writ and now proceed to dispose of the problem after the filing of briefs and hearing oral arguments.
By the quoted language from the Court of Appeal opinion it appears to us that that court was of the view that the failure of the original plaintiff-purchaser Van Fleet to lay specific claim in his complaint to a deed from the original vendor-husband subject to the wife's unreleased dower interest without any abatement of the purchase price precluded Van Fleet from receiving such relief either in the trial court or in the Court of Appeal.
Foxworth v. Maddox, supra, presented this court with the identical point of law under a situation substantially like the one at bar. There the original purchaser proceeded against the alleged vendor-husband and wife to obtain specific enforcement of the alleged contract to sell. The wife had not signed the agreement. The trial court decreed that both the husband and wife execute a deed to the original purchaser. The vendors appealed. By its opinion this court decided that the trial judge committed error in ordering the wife to join in the conveyance. However, the decree of the trial judge was affirmed insofar as it required the execution of a deed by the husband subject to the wife's dower interest. In other words, in Foxworth, even though the original vendee attempted to enforce execution of the deed by the husband and the wife and obtained from the trial judge the relief he sought, this court on appeal held that the vendee Maddox "under the pleadings and proof was not entitled to a decree for a greater interest than R.J. Foxworth [the husband-vendor] himself *383 had" [137 So. 163], but he was entitled to that.
We think it clear that on this particular point of law upon which the Court of Appeal turned its decision in the instant case, that court resolved the point with a decision which collides with the decision of this court in the Foxworth case. See also Fisher v. Miller, 92 Fla. 48, 109 So. 257. To be consistent with Foxworth v. Maddox, supra, and Fisher v. Miller, supra, insofar as this isolated point of law is concerned, the judgment of the trial court was correctly reversed as to the execution of the deed by Mrs. Lindgren. As to Mr. Lindgren, the cause should have been remanded to the trial court to determine Van Fleet's entitlement to a conveyance under the rule of the decisions in Foxworth and Fisher. We emphasize that this has reference only to the particular point of law to which this opinion is limited.
Apparently numerous other grounds for reversal were assigned to the Court of Appeal in its consideration of the instant matter. But in its opinion, however, that court specifically stated that "Questions other that that which we have discussed are raised by the appellants, but need not be decided in view of our answer to the stated question." When this cause goes back to the Court of Appeal for further consideration, as it will have to do, that court shall be at liberty to consider any and all other questions raised by the appellants there which were not previously considered in view of the prior holding of that court. We make it clear that we have not undertaken in any fashion to pass upon any other aspect of the case except the isolated point of law which we have specifically discussed. Furthermore, the petitioner here has not assaulted the decision of the Court of Appeal reversing the Chancellor with reference to the execution of the deed by the wife of the original vendor.
We have consolidated for consideration a petition for certiorari to review the decision of the same Court of Appeal in the related matter of Van Fleet v. Henry Spechler and Ruth B. Spechler, his wife, which was reversed on authority of Lindgren v. Van Fleet, Fla.App. 1958, 101 So.2d 155. Out of an abundance of caution we emphasize in this connection that we have not in any fashion undertaken to pass upon the merits of any of the defenses asserted by the Spechlers who allegedly were purchasers from Lindgren and wife with notice of the Van Fleet contract. These matters also will be reopened for consideration by the Court of Appeal when this cause is returned to that court.
For the reasons stated that portion of the decision of the District Court of Appeal of Florida, Third District, quoted verbatim in the forepart of this opinion is hereby quashed and the cause is remanded to that court for further consideration consistent with the views herein expressed.
It is so ordered.
TERRELL, C.J., and THOMAS, HOBSON and DREW, JJ., concur.