## STEPHENSON v. BILL SHAW LINCOLN-MERCURY MOTORS, Inc.

No. 73-1938-CA(L)-01.

Circuit Court, Palm Beach County.

March 27, 1974.

J. Luther Drew, West Palm Beach, for the plaintiff.

Gunster, Yoakley, Criser, Stewart & Hersey, Palm Beach, for the defendant.

LEWIS KAPNER, Circuit Judge.

This matter is presented upon defendant's motion for judgment on the pleadings and motion for summary judgment.

Plaintiff has alleged a breach of an employment contract. Defendant has denied each and every allegation of the complaint and has raised as an affirmative defense that the alleged contract is an oral agreement which was not to be performed within the space of one year from the making thereof and, therefore, it is barred by the Statute of Frauds. Plaintiff has failed to deny this affirmative defense.

FRCP 1.100(a) provides that if a plaintiff seeks to avoid an affirmative defense he must file a reply containing the avoidance.

FRCP 1.110(e) provides that averments in a pleading to which a responsive pleading is required are admitted when not denied in a responsive pleading.

At the hearing on these motions counsel for plaintiff orally denied defendant's affirmative defense but he offered no valid reason for his failure to file a reply in accordance with the rules. This would call for a judgment on the pleadings, see Paradise Pools v. Genauer, 104 So.2d 860 (3rd DCA, 1958), but, inasmuch as a judgment on the pleadings operates as res judicata, 19 Fla. Jur., *Judgments and Decrees*, §143, in the interest of justice, it is ordered that plaintiff shall within five days file a written reply, in accordance with the rules, to defendant's affirmative defense. In the event he fails to do so, judgment on the pleadings shall be entered on behalf of defendant. It is further ordered that defendant's motion for summary judgment is denied.