JOHNSON, Judge.
Appellant seeks reversal of an order dismissing, with prejudice, his complaint against appellee for specific performance of a contract for the purchase and sale of real property.
Appellee has not seen fit to honor this Court with a brief in his behalf. However, it appears from the record on appeal that appellee’s motion to dismiss was based upon the grounds that the contract sought to be enforced was invalid in that it did not contain the signature of appellee’s wife nor was it signed in the presence of two witnesses.
There is nothing in the record before this Court to indicate that the property involved was either homestead or the separate property of the wife. Nor does the complaint indicate that appellant was seeking the relinquishment of any dower interest which the appellee’s wife may have with respect to the subject property. The complaint names only the appellee-husband as a party defendant. Thus, it may be that appellant is entitled to specific performance by appellee even though he is not entitled to conveyance of the appellee’s wife’s dower interest. See Van Fleet v. Lindgren, 107 So.2d 381 (Fla.1958) and Zimmerman v. Diedrich, 97 So.2d 120 (Fla.1957).
Accordingly, we conclude that the trial court committed reversible error in dismissing appellant’s complaint with prejudice. The order of dismissal is therefore reversed and this cause is remanded for further proceedings.
Reversed and remanded.
SPECTOR, Acting C. J., and BOYER, J., concur.