QUESTIONS:
1. Is the language added to s. 196.031(3), F. S., by Ch. 72-372, Laws of Florida, consistent with the conclusions reached in AGO 071-379 establishing the residency requirement for the additional homestead exemption to be January 1?
2. If inconsistent, is the determinative date for establishing the residency requirement for the additional homestead exemption under s. 196.03(3)(a), F. S., the date of application or January 1?
SUMMARY:
The taxable status of real property and entitlement to tax exemption for each tax year is determined as of the tax day, January 1 of each year, and an individual's status as being subject to taxation or exempt therefrom, wholly or partially, is determined as of January 1 of each year despite the language in s.196.031(3), F. S., concerning the submission of an affidavit that an applicant for the additional homestead exemption has been a permanent resident of the state for the 5 years immediately preceding the date of application. Section 196.031(3), F. S., as amended, did not effect any change in preexistent law or administrative and judicial construction thereof as to the determination of the status of property as exempt or taxable on the tax day, January 1 of each tax year, but only prescribes procedures for making application for the additional homestead exemption.
Your first question is answered in the affirmative; your second question, depending on a negative answer to the first question, is irrelevant.
Section 196.031(3), F. S. 1971, stated:
 For every person who is entitled to the exemption provided in subsection (1), who has been a permanent resident of this state for the five (5) consecutive years prior to claiming an exemption under this subsection, and who is sixty-five years of age or older, the exemption is increased to ten thousand dollars ($10,000) for taxes levied by district school boards for current school operating purposes. (Emphasis supplied.)
Also see Rule 12A-1.202(1)(B), F.A.C., providing in pertinent part that an otherwise qualified person be `a permanent resident of this state for five (5) consecutive years prior to claiming an additional exemption and . . . sixty-five (65) years of age or older.'
As stated in AGO 071-379, two pertinent tax-day statutes are presently in existence. Section 192.042, F. S., provides that all real property shall be assessed as of January 1, while s. 192.053, F. S., states that a lien for taxes, penalties, and interest shall attach to property on the date of assessment. Also see Rule 12B-1.202(4)(A), F.A.C., providing in pertinent part that `the status of real property on the tax day (January first of the tax year in Florida) determines its status as exempt or taxable property for the tax period or year.' Attorney General Opinions 069-46, 061-1, 057-377, and 054-59 concluded that these statutes were applicable and that January 1 of the tax year was the date for determining an individual's tax status and right to the homestead exemption. See Gautier v. Lapof, 91 So.2d 324 (Fla. 1956); Ammerman v. Markham, 222 So.2d 423 (Fla. 1969).
In response to the question of whether an individual qualified for the additional homestead tax exemption if said individual reached the age of 65 subsequent to January 1, I concluded in AGO 071-379 that ss. 192.042 and 192.053, F. S., apply to s. 196.031(3), F. S., and do not entitle the individual to the exemption, since an individual's status as being subject to taxation or being exempt from taxation is determined as of January 1 of each year and since there was no language to the contrary stating that some date other than January 1 was the date for determining the individual's tax status.
However, Ch. 72-372, Laws of Florida, amended s. 196.031(3), F. S., by adding the following language:
 Application for this additional exemption shall be made by the applicant in person or by mail. Submission of an affidavit that the applicant claiming the additional exemption under this subsection has been a permanent resident of this state for the five years immediately preceding the date of application shall be prima facie proof of such residence.
Additionally, it should be noted that Ch. 74-264, Laws of Florida, further amended s. 196.031(3), F. S., by incorporating the language contained in said s. 196.031(3) into s. 196.031(3)(a), F. S., and by repealing that portion stating that `[a]pplication for this additional exemption shall be made by the applicant in person or by mail.'
Chapters 72-372 and 74-264, Laws of Florida, were enacted in implementation of the authority granted by s. 6, Art, VII, State Const. Section 6(c) states: `By general law and subject toconditions specified therein, the exemption may be increased up to an amount not exceeding ten thousand dollars of the assessed value of the real estate if the owner has attained age sixty-five or is totally and permanently disabled.' (Emphasis supplied.)
Chapters 72-372 and 74-264, Laws of Florida, are interrelated with other tax laws, and the provisions contained in said chapters, as written, cannot operate independently thereof. Therefore, the amendatory statutory provisions must be read in pari materia with ss. 192.042 and 192.053, F. S. See State v. Bowden, 150 So.2d 259
(Fla. 1933); Stewart v. DeLand-Lake Helen Special Road Bridge Dist., 71 So. 42 (Fla. 1916); Panama City Airport Board v. Laird,90 So.2d 616 (Fla. 1956); Markham v. Blount, 175 So.2d 526 (Fla. 1956); and Mann v. Goodyear Tire and Rubber Company, 300 So.2d 666
(Fla. 1974).
Additionally, the title of an act may be resorted to in construing the body of the act in order to ascertain legislative intent where some doubt or ambiguity exists and serves to define the scope of the act. See Jackson Lumber Co. v. Walton County, 116 So. 771
(Fla. 1928); Curry v. Lehman, 47 So. 18 (Fla. 1908); State v. Yeats, 77 So. 262 (Fla. 1917); Board of Public Instruction v. State ex rel. Allen, 219 So.2d 430 (Fla. 1969); County of Hillsborough v. Price, 149 So.2d 912 (2 D.C.A. Fla., 1963); and Finn v. Finn, 312 So.2d 726 (Fla. 1975).
As stated in its title, Ch. 72-372, supra, was enacted to provide application procedures for persons over 65 years of age who are entitled to the homestead exemption under s. 196.031(1), F. S. The title does not indicate an intent by the Legislature to effect any change of the tax day, January 1 of each year, which has historically been used as the date for determining an individual's tax status or entitlement to homestead exemption. Said Ch. 72-372
refers only to application procedures for persons over 65 years of age. It does not purport to change any substantive, as distinct from procedural, law and does not create any exception therefrom for persons over 65 years of age. Cf. Overstreet v. Ty-Tan, Inc.,48 So.2d 158 (Fla. 1950).
Additionally, Ch. 72-372, supra, does not purport to amend or alter s. 192.042, F. S. One Statute does not impliedly repeal another unless there is a positive repugnancy between the two or a clear legislative intent to repeal the prior statute exists. See
Florida E. C. Ry. Co. v. Hazel, 31 So. 272 (Fla. 1901). Chapter 72-372 is not repugnant to s. 192.042, nor is there any indication of legislative intent to change, modify, or repeal the tax-day statute or overturn the long-standing legal precedents and construction placed on the statute by the courts with respect to the date on which property is to be valued, the date on which the inchoate tax lien arises, and the date on which certain facts must exist to entitle taxpayers to the various exemptions allowed by law. Cf. State ex rel. Housing Auth. of Plant City v. Kirk,231 So.2d 522 (Fla. 1970); United Gas Pipe Line Company v. Bevis,336 So.2d 560 (Fla. 1976).
Therefore, pursuant to s. 192.042, F. S., the taxable status of real and personal property and entitlement to tax exemption for each tax year continues to be determined as of the tax day, January 1 of each year, and, pursuant to s. 196.031(3), F. S., an individual's status as being subject to taxation or being exempt from taxation is determined as of January 1 of each tax year.
In conclusion Ch. 72-372, supra, is reconcilable with and not repugnant to s. 192.042, F. S., and my conclusion in AGO 071-379 is consistent with, and has not been altered by, the more recent legislation. The tax status of an individual's property is fixed on January 1 of each tax year regardless of the procedures used to qualify for, or to make application for, a tax exemption.
Prepared by: Patricia S. Turner Assistant Attorney General