Colonel Warren R. McPherson Interim Executive Director Department of Veterans' Affairs Koger Center 2540 Executive Center Circle West Douglas Building, Suite 100 Tallahassee, Florida 32301
Dear Colonel McPherson:
You have asked for my opinion on substantially the following question:
In order to be eligible for the exemption provided in section 196.081, Florida Statutes, must a permanently and totally disabled veteran hold title to the property on January 1 of the tax year for which he or she has claimed the exemption?
Section 3(b), Article VII of the Florida Constitution contains the organic authorization for the Legislature to enact general laws exempting from taxation the property of totally and permanently disabled persons in an amount not less than $500. The constitutional provision states:
 "There shall be exempt from taxation, cumulatively, to every head of a family residing in this state, household goods and personal effects to the value fixed by general law, not less than one thousand dollars, and to every widow or widower or person who is blind or totally and permanently disabled, property to the value fixed by general law not less than five hundred dollars."
Thus, this provision constitutes authorization for legislative action exempting property of the persons described therein but restricts such action by requiring that it be done by general law and by requiring that the amount of any exemption be no less than $500. The determination of the maximum amount of the exemption and the procedures to secure such an exemption are left to the wisdom and discretion of the Legislature[1]
Section 196.081(1), Florida Statutes, is a legislative implementation of this section and provides:
 "Any real estate that is owned and used as a homestead by a veteran who was honorably discharged with a service-connected total and permanent disability and for whom a letter from the United States Government or United States Department of Veterans Affairs or its predecessor has been issued certifying that the veteran is totally and permanently disabled is exempt from taxation, if the veteran is a permanent resident of this state on January 1 of the tax year for which exemption is being claimed or was a permanent resident of this state on January 1 of the year the veteran died."
The statute contains no limitation on the amount of the tax exemption provided.
The process for applying for an exemption under this section is described in section 196.011, Florida Statutes. As set forth in that section:
 "(1)(a) Every person or organization who, on January 1, has the legal title to real or personal property, except inventory, which is entitled by law to exemption from taxation as a result of its ownership and use shall, on or before March 1 of each year, file an application for exemption with the county property appraiser, listing and describing the property for which exemption is claimed and certifying its ownership and use. . . . . Failure to make application, when required, on or before March 1 of any year shall constitute a waiver of the exemption privilege for that year, except as provided in subsection (7) or subsection (8)."[2]
The administrative rule implementing this statute, Rule 12D-7.001, Florida Administrative Code, states that the term "file" as it is used in section 196.011, Florida Statutes, "shall mean received in the office of the county property appraiser."
Thus, the statutory scheme for an exemption under sections 196.011
and 196.081, Florida Statutes, clearly requires that legal title to the property for which the exemption is claimed must be held on January 1 of the year for which the exemption is claimed.
In sum, it is my opinion that a permanently and totally disabled veteran is required by sections 196.011 and 196.081, Florida Statutes, to hold title to the property for which he or she claims an exemption on January 1 of the tax year for which the exemption is claimed.[3]
Sincerely,
Charlie Crist Attorney General
CC/tgh
[1] See, Op. Att'y Gen. Fla. 76-228 (1976).
[2] Section 196.011(1)(a), Florida Statutes, provides exceptions in subsections (7) and (8), thereof. Subsection (7) authorizes a value adjustment board to grant an exemption for an otherwise eligible applicant if the applicant can clearly document that failure to apply by March 1 was the result of a postal error. Subsection (8) states that an applicant who is qualified to receive an exemption and who fails to file an application by March 1, may file an application for the exemption and a petition with the value adjustment board requesting that the exemption be granted. Neither of these exemptions appears to apply to the situation described in this opinion request.
[3] Cf., Gautier v. Lapof, 91 So.2d 324 (Fla. 1956) (purchasers of property not entitled to homestead exemption for tax year 1954, as they did not have legal or equitable title to property on January 1, 1954, when status or title of property determined who was entitled to homestead exemption for tax year 1954); Horne v. Markham, 288 So.2d 196, 197 (Fla. 1973) (constitutional provision providing for homestead exemption from taxation does not establish an absolute right to homestead exemption; rather, taxpayers who qualify will be granted exemptions only upon establishment of their right thereto as prescribed by law).